12804

KOESTER v. CITIZENS' PUB. CO.
CAROLINA NAT. BANK v. MERGENTHALER LINOTYPE CO.

(151 S. E., 452)

162

*Messrs. Lyles, Daniel & Drummond*, for appellants,

*Messrs. Bomar & Osborne,* for respondent,

January 9, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

For a statement of the case and the issues involved in this appeal the Court adopts the agreed statement of counsel.

"This action was commenced on July 24, 1925, by service of summons, verified complaint, supporting affidavits and notice of application for appointment of a receiver. The plaintiff was the wife of George R. Koester, business manager of the defendant, whose principal business was the publication of an afternoon daily newspaper in Spartanburg. The only service was on the defendant corporation.

"Application was made on the noticed date. The Court made the order. It provided for calling in creditors, proving claims before the master, the operation of the business, enjoining suits, and the borrowing of not exceeding $15,000 to continue publication, and undertook to give the receiver's certificates the status of prior and preferred claims on all assets and earnings. It provided that any creditor might come in and make such contentions as advised relative to continuing the receivership. Claims were proved before the master in accordance with the published notice pursuant to the order.

"There was and is no dispute as to the validity of the Mergenthaler mortgage, nor its amount, but only as to the priority between it and the receivers' certificates.

"At the time of application for the order, the Mergenthaler Company held four duly recorded mortgages on six Linotype machines, aggregating above $14,000. Roy C. Goodwin had a recorded mortgage of the printing press amounting to $6,200. Calhoun Office Supply Company had a recorded mortgage for $900 on office furniture.

"The Carolina National Bank lent $15,000 to the receiver on his certificates on notes issued by him, the loan being made in different sums at various times, as shown by the testimony and the certificates.

"In accordance with the order appointing him, the receiver took immediate charge of the printing plant and assets of the defendant and operated it, publishing a daily afternoon paper, called *'The Sun,'* continuously from August 1, 1925, to November 9, 1925.

"On November 9, 1925, the receiver reported that operation could not be continued and publication was suspended. References were held December 9, 1925, December 11 and 18, 1925, May 7, 1926 and July 15 and October 2, 1926.

"By consent order, the tangible property of the defendant was sold by the master, freed of liens, and the various liens transferred to the proceeds of sale. The property covered by the Mergenthaler mortgages brought $7,750 and was purchase by the appellant.

"The bank contested the priority of Goodwin's claim before the master, and also by exceptions to the master's report, but, at the argument on circuit, conceded the priority of the Goodwin mortgage. The priority of the Calhoun mortgage was conceded shortly after the property was sold. It insisted on its claim of priority over the Mergenthaler Linotype Company. The master reported in favor of the Linotype company. The bank excepted. The circuit Court sustained the master. Notice of intention to appeal was duly served and the Carolina National Bank now appeals on the exception appearing at the end of the transcript."

For the reasons set forth in the decree of the Circuit Judge, the appellant's exception is overruled and the judgment of the Circuit Court affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.