20328

Scott LEDFORD, Appellant, v. PENNSYLVANIA
LIFE INSURANCE COMPANY, Respondent.

(230 S. E. (2d) 900)

*William V. Cummings, Esq., of Stephen and Cummings,* Spartanburg, *for Appellant,*

*Clinch H. Belser, Jr., Esq., of Belser, Baker, Belser, Barwick and Toal,* Columbia, *for Respondent,*

December 20, 1976.

RHODES, Justice:

Plaintiff (appellant) obtained a default judgment against the defendant (respondent) which was vacated by the lower court upon findings that the judgment was entered against defendant through its mistake or excusable neglect. Plaintiff has appealed from the Order of the lower court, asserting that the Order was without evidentiary support and that it, therefore, constituted an abuse of discretion. We agree and reverse.

The motion to vacate the default judgment was made pursuant to S. C. Code § 10-1213 (1962), which, in pertinent part, permits the court, in its discretion and upon such terms as may be just, to relieve a party from a judgment "taken against him through his mistake, inadvertence, surprise or excusable neglect . . ."

The lawsuit in question is based on a disability insurance policy issued by the defendant in 1969, and involves an alleged disability sustained by the plaintiff in 1971. Negotiations with regard to plaintiff's claim have been carried on intermittently for some years. On May 16, 1975, William V. Cummings, plaintiff's present attorney and a member of the Spartanburg Bar, had a telephone conversation with one Lawrence Rusinyak, an attorney for the defendant, in which they were unable to reach a compromise settlement of the case. Plaintiff's attorney then informed Rusinyak that suit would be instituted. On that same date, Rusinyak and Samuel I. Neiberg, Vice Prseident and General Counsel for defendant, telephoned Clinch H. Belser, Jr., a member of the

Richland County Bar, and engaged him to represent the Company. Thereafter, on May 19, and June 16, 1975, Belser telephoned Cummings' office in Spartanburg but, being unable to reach him, left word with the secretary that he would call back with regard to the Ledford matter.

On June 3, 1975, Neiberg wrote to Belser sending him a copy of the Ledford file. On June 6, 1975, Belser wrote Neiberg and acknowledged receipt of the file. The contents of these two letters are essential to a determination of this appeal and are hereinafter quoted in full.

The suit was commenced on June 27, 1975, when service of Summons and Complaint was accepted by the Insurance Commissioner. These documents were forwarded to defendant by the Commissioner on the same date and received by the defendant on June 30, 1975. The letter from the Insurance Commissioner, with Summons and Complaint attached, did not reach the office of Don Kelley, Neiberg's successor and present counsel for defendant, until July 3, 1975. On July 8, 1975, a letter was sent to the Department of Insurance acknowledging receipt of the suit papers. On or shortly after July 8, 1975, Mr. Kelley reviewed the file, but no action of any nature was taken by him at that time.

On August 6, 1975, a hearing was held and a default judgment granted plaintiff. On August 20, plaintiff's attorney wrote to defendant by certified mail and demanded payment of the judgment. The letter from plaintiff's attorney was not received by Kelley until he returned from a business trip on August 25, at which time he contacted Belser who immediately instituted this action to vacate the judgment. This was the first time that Belser was aware that the lawsuit had been brought by plaintiff.

The sole question for consideration by this Court is whether there was an abuse of discretion amounting to error of law on the part of the lower court in relieving the defendant of the judgment and permitting it to answer the Complaint. The motion is addressed to the sound

discretion of the trial judge and his ruling will not be disturbed absent a clear showing by the appellant of an abuse of discretion. This Court has held that an abuse of discretion arises in cases in which: (1) the judge issuing the order was controlled by some error of law; or (2) where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support. *Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 169 S. E. (2d) 387 (1969); *Brown v. Weathers,* 251 S. C. 67, 160 S. E. (2d) 133 (1968); *Holliday v. Holliday,* 235 S. C. 246, 111 S. E. (2d) 205 (1959); *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391 (1957).

The appellant contends in this case that the court's Order was based upon factual conclusions having no evidentiary support. While the statute also requires that a *prima facie* meritorious defense must be shown in order to vacate a judgment, fulfillment of this requirement is not raised by the appellant.

From the above recital of the facts it is apparent that the person responsible for the failure of the defendant to timely answer was Don Kelley, legal counsel for the defendant insurance corporation. It is his conduct which must be weighed in the light of all attendant circumstances in order to determine whether it constituted excusable negelect or, simply, neglect.

The affidavit filed by Kelley revealed that he began employment with Pennsylvania Iife Insurance Company on June 9, 1975, and was assigned responsibility for all claims litigation matters. The title of the position which he assumed is described as "claims litigator." He stated that the present suit papers were received in his office from the Insurance Commissioner on July 3, 1975, and that receipt for same was acknowledged by his office on July 8, 1975. He further deposed that, on or shortly after July 8, he "briefly reviewed the claims file" and that the two top pieces of correspondence "immediately caught my eye." One of these items of correspondence was a letter from Neiberg to Belser, defendant's

South Carolina counsel. The second letter to which Kelley's attention was attracted was from Belser to Neiberg. Kelley stated that, based on these two letters, he assumed that the file had been referred to Belser because of the pending litigation and that Belser was aware that the lawsuit had been filed.

The letter dated June 3, 1975, from Neiberg to Belser, exclusive of formalities, reads as follows:

"Re: Scott Ledford

"This will confirm our recent telephone conversations wherein we reviewed the above-captioned file. I am providing you with a photo copy of said file as well as a specimen copy of the policy involved, and it is my understanding that upon receipt of same, you will be in contact with the insured's counsel in Spartanburg.

"We look forward to your comments after you have had an opportunity to review the file and discuss same with opposing counsel."

The reply from Belser to Neiberg dated June 6, 1975, follows:

"Re: Scott Ledford

"We have received the file in the above-captioned matter this afternoon.

"We will review it as soon as possible and establish contact with the insured's counsel in Spartanburg. I hope that we can dispose of this matter on a satisfactory and reasonably prompt basis."

These two letters constitute the sole basis for Kelley's failure to give attention to the Summons and Complaint. We have studied carefully the contents of these letters and are unable to discern any statement or inference in them that would have induced the assumption which Kelley says he formed. Kelley stated that upon reviewing "briefly" these two letters, he *assumed* that the file had been referred to

Belser because of the pending litigation and that Belser was aware that the lawsuit had been filed. It is to be noted that the letters relied upon by Kelley antedate the service of the Summons and Complaint by several weeks. Furthermore, at the same time he examined the correspondence, he had in his possession the suit papers. Even a cursory examination of these papers would readily have disclosed the fallacy of the assumption which he made. We are of the opinion that the conduct of Kelley, a specialist in the area of insurance litigation, under these circumstances was unreasonable, there being a total absence of any justification for the conclusion which he reached. See *Scruggs v. Ballenger Corporation,* 260 S. C. 509, 197 S. E. (2d) 91 (1973) ; *Livingston v. S. C. Farm Bureau Mut. Ins. Co.,* 254 S. C. 161, 174 S. E. (2d) 163 (1970) ; *Irick v. Carr,* 243 S. C. 565, 135 S. E. (2d) 94 (1964).

We find abuse of discretion on the part of the lower court in granting the motion of the respondent.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.