0640

LOWE'S OF GEORGIA, INC., d/b/a Lowe's of Savannah, Plaintiff-Appellant v. Joseph K. COSTANTINO and Trudy L. Costantino, Defendants-Petitioners-Respondents, and Beverly Franklin Dolan, Jr., Defendant.

(341 S. E. (2d) 382)

Court of Appeals

*Joseph R. Barker,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for plaintiff-appellant.*

*Bowen, Cooper, Beard & Smoot,* Hilton Head Island, and *Harvey & Battey,* Beaufort, *for defendants-petitioners-respondents.*

Heard Jan. 29, 1986.

Decided Feb. 21, 1986.

GOOLSBY, Judge:

The central issue in this appeal by Lowe's of Georgia, Inc., doing business as Lowe's of Savannah, is whether the circuit court abused its discretion in vacating Lowe's default judgment against the respondents Joseph K. Costantino and Trudy L. Costantino and in allowing the Costantinos to answer Lowe's complaint.

The Costantinos purchased windows and doors from Lowe's, a building supply company, and immediately experienced problems with both. Joseph Costantino repeatedly requested Lowe's sales representative, Ricky Rockett, and others at Lowe's either to correct the problems or to adjust the Costantinos' bill. In addition, the Costantinos refused to

pay for the windows, doors, and other building materials purchased from Lowe's.

Faced with the Costantinos' refusal to pay their bill, Lowe's filed and served a mechanic's lien upon them. Lowe's commenced this action to foreclose its mechanic's lien by service on August 31, 1981, of a summons and complaint.

Lowe's filed an affidavit of default on October 5, 1981, and moved for judgment against the Costantinos. After rendering default judgment in Lowe's favor, the circuit court ordered foreclosure of the mechanic's lien. A sale of the property described in the complaint took place on June 6, 1982.

On August 17, 1982, however, the Costantinos, pursuant to Section 15-27-130 of the South Carolina Code of Laws (1976), moved to set aside the default judgment and to have Beverly Franklin Dolan, Jr., who purchased the property at the judicial sale, made a party to the action.

Dolan was later made a party and the circuit court conducted a hearing upon the Costantinos' motion to vacate the default judgment. On October 29, 1983, the circuit court vacated the default judgment on the ground of excusable neglect and granted the Costantinos leave to answer the complaint. It also found that a letter mailed to Lowe's attorneys on September 8, 1981, constituted an answer.

Prior to the time the circuit court conducted its hearing on the motion to vacate the default judgment, the Costantinos repurchased the subject property from Dolan. The circuit court thereupon dismissed Dolan as a party.

Lowe's attacks the circuit court's holding that the Costantinos' failure to file responsive pleadings resulted from excusable neglect. It does not question the circuit court's holding that the Costantinos made a *prima facie* showing of a meritorious defense, a showing the Costantinos were required to make in order to prevail on their motion to vacate a judgment under Section 15-27-130. *Graham v. Town of Loris*, 272 S. C. 442, 248 S. E. (2d) 594 (1978); *Savage v. Cannon*, 204 S. C. 473, 30 S. E. (2d) 70 (1944).

This court in *Em-Co Metal Products, Inc. v. Great Atlantic & Pacific Tea Co., Inc.*, 280 S. C. 107, 311 S. E. (2d) 83 (Ct. App. 1984), summarized the law applicable to relieving a party from a default judgment pursuant to Section

15-27-130, a statute repealed on July 1, 1985, by Act No. 100 of 1985. *See* S.C.R.CIV. P. 60(b)(1). We stated:

A motion pursuant to Section 15-27-130 to be relieved of default is solely within the sound discretion of the trial court. *Ledford v. Pennsylvania Life Ins. Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976). Judicial discretion in granting or refusing relief from a default should be exercised "in the same liberal spirit in which [Section 15-27-130] was designed — in furtherance of justice and in order that cases may be tried and disposed of upon their merits." *Gaskins v. California Ins. Co.*, 195 S. C. 376, 379-80, 11 S. E. (2d) 436 (1940). In an appeal from an order of the circuit court relieving a party from a default, the Court of Appeals possesses no power to substitute its own judgment for that of the circuit court. *Cf. Bishop v. Jacobs*, 108 S. C. 49, 93 S. E. 243 (1917). The decision of the lower court will not be disturbed on appeal absent a clear showing that the lower court abused its discretion in relieving a default. *Renney v. Dobbs House, Inc.*, 275 S. C. 562, 274 S. E. (2d) 290 (1981); *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980). An abuse of discretion can arise when either an order based on factual conclusions is without evidentiary support or the judge issuing an order was controlled by an error of law. *Ledford v. Pennsylvania Life Ins. Co., supra; Rochester v. Holiday Magic, Inc.*, 253 S. C. 147, 169 S. E. (2d) 387 (1969). The burden always rests upon the appellant to show an abuse of discretion [*Baggett v. Strickland*, 158 S. C. 60, 155 S. E. 237 (1930)]; and in determining whether an abuse of discretion occurred, the case must be considered in the light of its underlying circumstances. *Rochester v. Holiday Magic, Inc., supra; Brown v. Weathers*, 251 S. C. 67, 160 S. E. (2d) 133 (1968).

280 S. C. at 109-110, 311 S. E. (2d) at 85.

When we consider the Costantinos' failure to serve and file responsive pleadings in the light of the circumstances that attended their failure, we discern no abuse of discretion.

The circuit court found as a fact that on September 8, 1981, Trudy Costantino "[i]n response to the [s]ummons"

mailed a letter to Lowe's attorneys on Hilton Head Island, South Carolina, in which she advised the attorneys that she and her husband had been in touch with Lowe's concerning the problem they were experiencing with the windows they had purchased from Lowe's, that they wished to settle the matter, and that they shortly would be at a particular address on Hilton Head Island where Lowe's could contact them further about the matter. The circuit court also found that, prior to the expiration of the time to answer the complaint, the Costantinos discussed the suit with Lowe's agent Ricky Rockett, they believed the matter was now in his hands and not those of Lowe's attorneys, and nothing further was required of them to do until the problems they were having with the materials supplied by Lowe's had been corrected.

Evidence in the record, unnecessary to recount here, supports these findings of fact.

In addition, the circuit court found that the Costantinos received no notice of any hearing on Lowe's motion for default judgment and no notice of any sale. Lowe's takes no exception to these findings.

The Costantinos' neglect could scarcely be described as either forgetfulness, carelessness, indifference, or inattention. The Costantinos neither idly ignored the summons to defend the action nor wilfully disregarded it. *See* 46 Am. Jur. (2d) *Judgments* § 718 at 874 (1969); 49 C. J. S. *Judgments* § 334(5) at 629-30, 632 (1947). They treated the matter seriously and were reasonably prompt in seeking relief on discovering the default. *See* H. LIGHTSEY & J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 400-01 (2d ed. 1985).

We therefore find no abuse of discretion by the circuit court in holding that the Costantinos' neglect, under the circumstances, was excusable. *See Peters v. Dietrich,* 145 Or. 589, 27 P. (2d) 1015 (1934) (defendant held entitled to relief from default judgment taken against him where he believed settlement negotiations were pending and he promptly filed motion to vacate default judgment); *cf. De Mattie v. Henry,* 84 Cal. App. (2d) 15, 189 P. (2d) 774 (1948) (trial judge did not abuse discretion in setting aside default judgment in favor of plaintiff where plaintiff's attorney chose to enter into

settlement negotiations with defendant's insurance carrier after granting defendant an extension of time and attorney gave no notice of his intention to end settlement negotiations).

In view of our holding that the circuit court committed no error in vacating the default judgment and in permitting the Costantinos to respond to Lowe's complaint, we need not address Lowe's argument that the letter mailed Lowe's attorneys by Trudy Costantino did not constitute an answer.

Lowe's also complains about the circuit court's dismissal of Dolan as a party to the action. Lowe's claims it had no opportunity to be heard on the issue of Dolan's dismissal from the action.

We discern no prejudice. If, because of Dolan's absence, complete relief cannot be accorded among those already parties to the instant action, the circuit court "at any stage of the action" can order Dolan to be made a party once again. S.C.R.CIV. P. 21; *see* 59 Am. Jur. (2d) *Parties* § 191 at 634 (1971); 67A C. J. S. *Parties* § 90 at 860-61 (1978).

Lowe's further argues the circuit court erred in not expressly setting aside the foreclosure sale when it vacated the default judgment.

Again, we see no prejudice to Lowe's. As to Lowe's, the vacating of the judgment, as a matter of law, vacates all proceedings taken under the judgment, including the foreclosure sale [49 C. J. S. *Judgments* § 306 at 558 (1947) ] and leaves the matters in controversy open for future determination. 46 Am. Jur. (2d) *Judgments* § 785 at 948 (1969). The action, as between Lowe's and the Costantinos, stands as though no judgment had ever been rendered. 49 C. J. S. *Judgments* § 306 at 557 (1947). Only the rights of Dolan, as an innocent purchaser at a judicial sale, remain unaffected by the vacating of the default judgment. 30 Am. Jur. (2d) *Executions* § 437 at 698 (1967); *see Hunter v. Ruff*, 47 S. C. 525, 25 S. E. 65 (1896).

Finally, we have considered Lowe's argument that the circuit court erred in requiring it to return to the Costantinos the funds Lowe's received as a result of the default judgment. We hold this argument has no manifest merit and does not warrant further consideration. South Carolina Code of Laws § 14-8-250 (1976) (amended 1985).

Accordingly, the judgment of the circuit court is Affirmed.

SHAW and CURETON, JJ., concur.