0758

George E. SABELLA, Respondent v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Defendant, Protestants Walter Morgan, Pat Morgan, and Mrs. A. J. Baker, Appellants.

(346 S. E. (2d) 530)

Court of Appeals

*Allen L. Ray,* Conway, *for appellants.*

*James B. Van Osdell* and *Cynthia Graham Howe,* of *Van Osdell, Lester, Stewart, McCutchen & Brittain,* Myrtle Beach, *for respondent.*

Heard April 16, 1986.

Decided May 20, 1986.

*Per Curiam:*

This is an appeal from an order of the Circuit Court reversing an order of the South Carolina Alcoholic Beverage Control Commission. We reverse and remand.

George E. Sabella applied to the South Carolina Alcoholic Beverage Control Commission for a retail permit to sell beer and wine for on and off premises consumption at his place of business in Myrtle Beach known as "Southern Entertainment Co., Inc., d/b/a/ Sharkey's."

Walter Morgan and Pat Morgan (who are husband and wife) and Mrs. A. J. Baker appeared before the Commission and protested the granting of the permit. The Commission issued its order recognizing them as parties and denying the application of Mr. Sabella. The order of the Commission was captioned "IN RE: George Edward Sabella, President, Southern Entertainment Company, Inc., Applicant."

Mr. Sabella filed a petition in the Circuit Court appealing the part of the order which denied the permit and served a copy of the petition on the Commission, Mr. and Mrs. Morgan and Mrs. Baker.[1] The petition of Mr. Sabella was captioned "George E. Sabella, Petitioner, vs. South Carolina Alcoholic Beverage Control Commission, Agency of the State of South Carolina, Respondent."

Mr. and Mrs. Morgan and Mrs. Baker filed and served an answer to the petition. In addition, their lawyer sent a letter to the lawyer for Mr. Sabella noting that they were not named as respondents in the caption and saying that he would ask the Court to allow an amendment including their names as respondents if this could not be done by agreement "in due time." No motion was made by either party to have the caption amended.

The case appeared on the nonjury roster for the Court as "Southern Entertainment, Inc. v. ABC Commission." Neither Mr. and Mrs. Morgan, Mrs. Baker nor their lawyer were

---

[1] *See* Section 1-23-380(b) and 1-23-310(4) of the South Carolina Administrative Procedures Act, Code of Laws of South Carolina, 1976. A proceeding for judicial review of a final decision of an administrative agency is instituted by filing a petition in the Circuit Court and serving copies on the agency and all parties of record. Section 1-23-380(b). "'Party' means each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." Section 1-23-310(4).

listed on the roster and neither they nor their lawyer received any other notice of the hearing before the Court. Following the hearing at which only lawyers representing Mr. Sabella and the Commission appeared, the Court issued its order reversing the order of the Commission.

Mr. and Mrs. Morgan and Mrs. Baker appeal on several grounds, one of which is that they "were parties to the proceedings, received no notice of the hearing and were denied their day in court." We agree.

Mr. and Mrs. Morgan and Mrs. Baker were explicitly recognized as parties by the order of the Commission.

As parties, they were entitled to notice of the hearing held before the Circuit Court. *See Coogler v. California Insurance Co. Of San Francisco*, 192 S. C. 54, 58, 5 S. E. (2d) 459, 461 (1939) ("It would seem to be plain, upon well-settled and fundamental principles, that no order or judgment affecting the rights of a party to the cause should be made or rendered without notice to the party whose rights are to be thus affected, for otherwise a party would be deprived of his day in Court."); *cf. Webster v. Clanton*, 259 S. C. 387, 391, 192 S. E. (2d) 214, 216 (1972) ("It is a fundamental doctrine of law that a party whose personal rights are to be affected by a personal judgment must have a day in court, or opportunity to be heard, and that without due notice and opportunity to be heard a court has no jurisdiction to adjudicate such personal rights.").

Although the case was listed on the roster of cases to be heard by the Court, it was not listed in the name of Mr. Sabella as the matter had been captioned both by the order of the Commission and by the petition of Mr. Sabella appealing the order. More importantly, the roster did not list the names of Mr. and Mrs. Morgan, Mrs. Baker or their lawyer.

While it is true that lawyers representing the Commission appeared before the Court and competently argued the position of Mr. and Mrs. Morgan and Mrs. Baker, they did not receive their own "day in court." Due process is not accorded to a party by according it to a surrogate not of his or her own choosing, no matter how competent the surrogate may be.

For these reasons, the order of the Circuit Court is re-

versed and the case is remanded for a de novo hearing by the Court after notice to all parties.

Reversed and remanded.