0791

INSURANCE COMPANY OF NORTH AMERICA, Respondent v. Charles Kenneth HYATT, Appellant.

(348 S. E. (2d) 532)

Court of Appeals

*Randall M. Chastain,* Columbia, *for appellant.*

*William B. Watkins* of *Turner, Padget, Graham & Laney, P.A.,* Columbia, *for respondent.*

Heard June 16, 1986.

Decided Sept. 2, 1986.

BELL, Judge:

This is a supplemental proceeding to enforce an order of the South Carolina Industrial Commission. The Commission's order was previously appealed and sustained on the merits in *Hairston v. Re: Leasing, Inc.,* 286 S. C. 493, 334 S. E. (2d) 825 (Ct. App. 1985). Among other things, it required Charles Kenneth Hyatt to indemnify Re: Leasing, Inc. for all sums paid to Floyd Hairston's estate pursuant to the order. Insurance Company of North America, as the insurance carrier for Re: Leasing, Inc., paid the award and now seeks, as Re: Leasing, Inc.'s subrogee, to enforce the indemnity provision against Hyatt. The circuit court entered summary judgment for the Insurance Company. Hyatt appeals. We reverse and remand.

The facts giving rise to Hairston's workers compensation claim are set forth in *Hairston v. Re: Leasing, Inc.*, 286 S. C. 493, 334 S. E. (2d) 825 (Ct. App. 1985). For reasons which are disputed in this case, Hyatt was not a party to that appeal. However, certain facts relevant to this appeal are stipulated by the parties.

Hyatt was Hairston's regular employer at the time of Hairston's death. When Hairston's estate commenced the prior action under the workers compensation law, Hyatt was personally served with process and was present and participated at the hearings before the single Commissioner. Hyatt did not, however, appear at proceedings before the full Commission, nor at proceedings for judicial review in the circuit court and this Court.

Hyatt alleges that he is not bound by the Commission's order in *Hairston*, because he was never notified of the single Commissioner's award nor of any subsequent proceedings before the full Commission or in the courts. The Insurance Company contends Hyatt is bound, because he was served with process and participated in the hearings before the single Commissioner. In the Company's view, Hyatt's alleged lack of notice of subsequent orders or proceedings is immaterial.

In the circuit court, the Insurance Company moved to strike the defense of lack of notice from Hyatt's answer pursuant to Section 15-13-440, Code of Laws of South Carolina, 1976,[1] on the grounds that the defense was irrelevant, immaterial, and a sham defense. The Company also moved for summary judgment to enforce the indemnity provision in the *Hairston* order. Hyatt filed a cross motion for summary judgment on the ground, *inter alia*, that he did not receive notice of the single Commissioner's award or any subsequent proceedings in *Hairston*.

The circuit court granted the Insurance Company's motion to strike the defense of lack of notice on the ground that it was immaterial. The court refused to consider Hyatt's collateral attack on the merits of the *Hairston* order and

---

[1] Now repealed. *See* Section 2, Act No. 100, Acts and Joint Resolutions of the General Assembly of South Carolina, 1985, Regular Session, 64 Stat. at Large 279.

granted the Insurance Company's motion for summary judgment. Hyatt's cross motion for summary judgment was denied.

On appeal, both parties rely solely on the allegations of their pleadings to support their positions. As far as the appellate record discloses, neither introduced any evidence in the circuit court to prove that Hyatt either did or did not receive notice of the order and review proceedings in *Hairston.*

Under our system of civil procedure as it existed prior to July 1, 1985,[2] a motion to strike an entire defense on the grounds that it was irrelevant or immaterial was the equivalent of a demurrer. *Williams v. Johnson,* 244 S. C. 406, 137 S. E. (2d) 410 (1964). Consequently, for purposes of ruling on such a motion, the well pleaded fact allegations of the answer were taken as true. *Charleston County School District v. South Carolina State Ports Authority,* 283 S. C. 48, 320 S. E. (2d) 727 (Ct. App. 1984). Since the parties in this case elected to stand on their pleadings rather than offer proof, we must take as true Hyatt's allegation that he received no notice of the order or proceedings for review in *Hairston.*

It is fundamental that no judgment or order affecting the rights of a party to the cause should be made or rendered without notice to the party whose rights are to be affected. *Coogler v. California Insurance Co. of San Francisco, Cal.,* 192 S. C. 54, 5 S. E. (2d) 459 (1939); *Sabella v. South Carolina Alcoholic Beverage Control Commission,* 346 S. E. (2d) 530 (S. Ct. App. 1986). A person against whom a judgment or order is taken without notice may rightly ignore it and may assume that no court will enforce it against his person or property. *Koester v. Citizens' Publishing Co.,* 154 S. C. 154, 151 S. E. 452 (1930). Thus, Hyatt's defense that he received no notice of the order sought to be enforced against him was a good plea and it was error for the circuit court to strike it from his answer as immaterial.

[2] The motion to strike formerly authorized by Code Section 15-13-440 is now permitted by Rule 11 (sham pleading) and Rule 12(f) (redundant or immaterial pleading), S.C.R.Civ.P. (1985). The new rules preserve the existing state of practice with respect to motions to strike.

The Insurance Company suggests that in any event Hyatt's defense of no notice should be stricken as sham because he did know about the order. A sham answer is one good in form, but false in fact and not pleaded in good faith. *Burkhalter v. Townsend,* 139 S. C. 324, 138 S. E. 34 (1927). A motion to strike a defense as sham presents a question of fact to be determined by the court upon evidence. *Union Guano Co. v. Garrison,* 130 S. C. 404, 126 S. E. 133 (1924). Motions to strike an answer or defense as sham are not favored in law and should be granted only where the evidence demonstrates that the pleading is manifestly false and made in bad faith. *Germofert Manufacturing Co. v. Castles,* 97 S. C. 389, 81 S. E. 665 (1914).

In this case, the Insurance Company introduced no proof whatsoever that Hyatt received notice of the single Commissioner's award, the proceedings before the full Commission, the petition for judicial review, the circuit court order, the notice of appeal, or the docketing of the appeal. It would have been a simple matter to show notice by introducing proof of service on Hyatt with respect to these various proceedings, but the Company failed to do even this. Consequently, there is no basis on which to conclude Hyatt's defense of lack of notice is sham. We cannot sustain the circuit court's ruling on this alternate ground.

We must also reject the Company's argument that Hyatt's remedy is to move pursuant to Code Section 15-27-130 to set aside the *Hairston* order and that until that order is vacated he cannot attack it collaterally in a proceeding to enforce it. This precise argument was overruled by the Supreme Court in *Sijon v. Green,* 345 S. E. (2d) 246 (S. C. 1986). In view of the authorities cited above, it is manifestly without merit.

Finally, we address Hyatt's argument that the circuit court erred in denying his cross motion for summary judgment. Like the Insurance Company, Hyatt comes before this Court relying on his pleadings, rather than evidence, to support his motion for summary judgment. Where material facts are in dispute, a party may not rely on the bare allegations of a pleading to support a motion for summary judgment. *Dyer v. Moss,* 284 S. C. 208, 325 S. E. (2d) 69 (Ct. App. 1985).

164

Here there is a factual dispute regarding notice to  Hyatt of the *Hairston* order. If he did receive notice, Hyatt is bound by the order, which he did not appeal, and he may not now collaterally attack it on the ground that it was based on an error of law. *Coleman v. Daniel,* 253 S. C. 363, 170 S. E. (2d) 665 (1969). If he did not receive notice, the order cannot be enforced against him without an opportunity to appear and be heard on the merits in the manner prescribed by law. Since the fact of notice to Hyatt is material and in dispute, the circuit court correctly denied Hyatt's cross motion for summary judgment.

Accordingly, we reverse the granting of the motion to strike and the summary judgment in favor of the Insurance Company and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

SANDERS, C. J., and SHAW, J., concur.