23591

TRYON FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent
v. Robert K. PHELPS and Margo M. Phelps, First State Savings and
Loan Association of Spartanburg, and Crown Chrysler and Plymouth,
Inc., of whom Robert K. Phelps and Margo M. Phelps are Appellants.

(415 S.E. (2d) 397)

Supreme Court

*Robert K. Phelps* and *Margo M. Phelps, pro se.*

*Robert A. Hammett* and *Richard H. Rhodes,* both of *Burts,
Turner, Hammett, Harrison, Rhodes & Thompson,* Spartan-
burg, *for respondent.*

Heard April 23, 1991.

Decided March 2, 1992.

*Per Curiam:*

Appellants Robert K. Phelps and Margo M. Phelps appeal
from a Master-in-Equity's order of foreclosure on two mort-
gages. Without considering the case on its merit, we remand for
a judicial determination of whether or not appellants consented
to and received adequate notice of the reference in finality.

This case was referred to the master under an order of reference which provided for the master to enter a final judgment. Only appellant Margo M. Phelps appeared for the hearing. Appellants were not represented by counsel, and Mrs. Phelps presented the only testimony on behalf of appellants. At the hearing, Mrs. Phelps alleged that appellants neither consented to the order of reference nor were they aware that the reference was with finality. She asserted further that had appellants known the hearing was to be with finality, they would have presented additional testimony.

The sole issue we address in this appeal is whether or not the appellants consented to and received notice that the master's reference was with finality.

A master may enter a final judgment without further order of the court if either the parties consent in writing, or the order of reference so provides. Rule 53(e)(1), S.C.R. Civ. P. Although the order may be appropriate, it is fundamental that no judgment or order affecting the rights of a party to the cause shall be made or rendered without notice to the party whose rights are affected. *Insurance Co. of North America v. Hyatt,* 290 S.C. 159, 348 S.E. (2d) 532 (1986). If the judgment or order is taken without notice, the absent party may rightly ignore it and assume that no court will enforce it against his person. *Insurance Co. of North America v. Hyatt, supra* [citing *Koester v. Citizens' Publishing Co.,* 154 S.C. 154, 151 S.E. 452 (1930)].

We are unable to determine from the record that the appellants consented in writing to a reference with finality or that they received such notice. During the course of the hearing before the master, a colloquy occurred between Mrs. Phelps and the attorney for the respondent wherein the attorney indicated that he thought he had sent a letter to Mrs. Phelps enclosing a copy of the order of reference. She denied receiving such an order. Later respondent's counsel stated that he thought he had a copy of the order of reference in his file which he could give her, but subsequently indicated that he did not have a copy.

Under the unique facts and circumstances of this case, we follow the rule set forth in *Sijon v. Green,* 289 S.C. 126, 345 S.E. (2d) 246 (1986). In *Sijon,* the Court held that where a party litigant denies receiving notice of a hearing with final-

ity, and the judgment roll or record does not reflect evidence of such notice, that party is entitled to a judicial determination as to whether or not they received proper notice. If it is determined that the party received such notice, then judgment would stand. If not, the objecting party would be entitled to a new trial.

Accordingly, this case is remanded to the master for a hearing to determine whether or not appellants consented to and received notice of the order of reference authorizing the master to enter final judgment in these proceedings.