561 S.E.2d 659

**UNIVERSAL BENEFITS, INC., Appellant,**

v.

**James H. McKINNEY, Respondent.**

No. 3469.

Court of Appeals of South Carolina.

Heard Dec. 5, 2001.

Decided March 25, 2002.

180

Kristi F. Curtis, of Bryan, Bahnmuller, Goldman & McElveen, of Sumter, for appellant.

George C. James, Jr., of Lee, Erter, Wilson, James, Holler & Smith, of Sumter, for respondent.

HOWARD, J.

This suit was initiated by Universal Benefits, Inc., ("Universal") against its former employee, James H. McKinney, to enforce a covenant not to compete. The action was dismissed with prejudice when Universal failed to appear at a pre-trial conference and roster meeting. Universal did not move to alter or amend the order of dismissal, nor did it appeal. Universal moved to set aside the order of dismissal pursuant to Rule 60(b)(4), SCRCP, asserting the order was void because Universal had no notice of the pre-trial conference. Universal appeals from the denial of its Rule 60 motion. We affirm.

## FACTS/PROCEDURAL HISTORY

Universal filed this action against McKinney, a former employee, to enforce a covenant not to compete.[1] On June 29, 1999, Universal's attorney filed a motion to be relieved as counsel. Universal did not appear at the subsequent hearing on this motion. By written order dated July 23, 1999, Circuit Court Judge Howard P. King granted the motion and ordered Universal to obtain new counsel and be prepared for trial by August 2, 1999.

On August 23, 1999, presiding Judge Alison Lee held a roster meeting at which Universal failed to appear. Judge Lee granted McKinney's motion to dismiss the action with prejudice based upon Universal's failure to prosecute the action.[2] Judge Lee's order was served on Universal's managing officer on August 30, 1999. No appeal was taken from this order, and no motion to reconsider was filed.

On February 2, 2000, Universal moved to set aside Judge Lee's order pursuant to Rule 60(b)(4), SCRCP.[3] By written order dated March 17, 2000, presiding Circuit Court Judge John Milling denied relief from the order of dismissal, finding that it was not void for lack of jurisdiction, but was merely voidable. Judge Milling concluded that Universal was not entitled to any relief because it had failed to timely move for reconsideration or appeal from Judge Lee's order. Universal appeals from this adverse ruling.

## DISCUSSION

Universal argues Judge Lee's order is void for lack of notice of the August 23, 1999 roster meeting. Universal contends it was denied due process of law. We disagree.

---

1. *McKinney counterclaimed for interference with a contractual relationship and for commissions he claims Universal owes him.*

2. McKinney's counterclaims were referred to a master-in-equity.

3. Attached to Universal's memorandum of law is an uncontested affidavit by the Assistant Clerk of Court of Sumter County, which states, in part, "[t]that there is no record that Universal Benefits, Inc. was ever provided with notice of the August 23, 1999 roster meeting."

■ "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." Rule 60(b)(4), SCRCP. "A void judgment is one that, from its inception, is a complete nullity and is without legal effect." *Thomas & Howard Co. v. T.W. Graham and Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). "The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.App.1996). A judgment is not rendered void by irregularities which do not involve jurisdiction. *Thomas & Howard Co.*, 318 S.C. at 291, 457 S.E.2d at 343.

■ In the present case, without question the circuit court had subject matter and personal jurisdiction over Universal and McKinney. "It is fundamental that no judgment or order affecting the rights of a party to the cause shall be made or rendered without notice to the party whose rights are to be affected." *Tryron Fed. Sav. & Loan Ass'n v. Phelps*, 307 S.C. 361, 362, 415 S.E.2d 397, 398 (1992). Generally, a person against whom a judgment or order is taken without notice may rightly ignore it and may assume that no court will enforce it against his person or property. *Id.*

■ The requirements of due process not only include notice, but also include an opportunity to be heard in a meaningful way, and judicial review. *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); *S.C. Dep't of Soc. Servs. v. Holden*, 319 S.C. 72, 78, 459 S.E.2d 846, 849 (1995).

However, Universal was afforded notice of Judge Lee's order. It is undisputed that on August 30, 1999, Universal received written notice of the order dismissing its action. Thus, Universal was not denied the opportunity to be heard. As Judge Milling correctly determined, Rule 59, SCRCP, provided Universal an opportunity to timely move for reconsideration, and the South Carolina Appellate Court Rules ("SCACR") provided an avenue for appeal from Judge Lee's

order. Universal availed itself of neither procedural remedy in a timely manner.

There is a difference between a want of jurisdiction, in which case the court has no power to adjudicate, and a mistake in the exercise of undoubted jurisdiction, in which case the court's action is not void, but is subject to direct attack on appeal. *Thomas & Howard, Co.*, 318 S.C. at 291, 457 S.E.2d at 343. The failure of Universal to invoke the procedural remedies provided under Rule 59 and the SCACR is a result of its own inaction and not a denial of due process. *See id.* ("A judgment will not be vacated for a mere irregularity which does not affect the justice of the case, and of which the party could have availed himself, but did not do so until judgment was rendered against him.").

## CONCLUSION

Based on the reasons stated above, the order of Judge Milling denying Universal's Rule 60(b)(4) motion is

**AFFIRMED.**

CONNOR and ANDERSON, JJ., concur.