THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
BB&T of South Carolina,       
Appellant,
 
 
 

v.

 
 
 
Patricia W. Fuller,       
Respondent.
 
 
 

 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-156
Submitted February 9, 2004  Filed March 
 10, 2004   

REVERSED

 
 
 
John William Ray, of Greenville, for Appellant
Patricia W. Fuller, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Branch Banking and Trust Company 
 (BB&T) appeals an order of the Circuit Court setting aside a default judgment 
 against Patricia W. Fuller (Fuller).  We conclude the circuit court abused its 
 discretion in setting aside the judgment and reverse.
FACTS
In May 1994, Fuller obtained a $65,000 unsecured line of 
 credit from BB&T.  Under the terms of the line of credit instrument, Fuller 
 was obligated to repay the balance owed under the credit line in a variable 
 number of monthly installments as a percentage of the balance owed BB&T.
Beginning around July 
 2001, Fuller stopped making payments on the line of credit.  After Fuller refused 
 BB&Ts demands for payment, BB&T commenced the present action seeking 
 a judgment against Fuller for the outstanding balance due on the credit line.  
 At the time of Fullers default, she still owed $19,381.49.  BB&T requested 
 a judgment in that amount plus interest at the contract rate of 8.75 percent 
 dating from July 2001. 
On June 17, 2002, the trial court entered 
 default judgment in favor of BB&T for $24,196.98.  The trial courts order 
 notes that, though BB&Ts summons and complaint was personally served on 
 Fuller, she had failed to respond. 
Sometime in July 2002, Fuller sent a letter 
 to the trial court asking that the default judgment be set aside because she 
 had timely served her answer prior to the judgment.  The letter was personally 
 addressed to Circuit Judge Larry R. Patterson.  It is stamped as having been 
 received by the Greenville County Clerk of Court on July 16, 2002.  The record, 
 however, contains no certificate of service indicating BB&T was properly 
 served with a copy of Fullers letter, nor is there any indication on the face 
 of the letter that Fuller attempted to provide BB&T a copy of the letter 
 or otherwise notify it of the request made to Judge Patterson.
With no notice or opportunity to be heard, 
 Judge Patterson thereafter rescinded his June 17, 2002, entry of default judgment 
 by order filed July 16, 2002.  BB&T claims it was not aware of the trial 
 courts decision to set aside the default judgment until it received a copy 
 of the order on July 17, 2002.  In its entirety, the order setting aside judgment 
 reads:  

The Order dated June 17, 2002 
 is rescinded.  The defendant tried to serve Plaintiffs counsel by registered 
 mail; however, Plaintiffs counsel refused delivery.  Pursuant to Rule 5, SCRCP, 
 service subsequent to the original summons and complaint may be served by mail 
 and is complete upon mailing (Citation omitted). Therefore, The Court hereby 
 rescinds the Order of June 17, 2002.

BB&T now appeals this order, arguing 
 inter alia, that it was not afforded an opportunity to rebut Fullers 
 claim that BB&T was properly served with Fullers answer to the original 
 complaint. 
STANDARD OF REVIEW
A motion to vacate a judgment is addressed to the 
 sound discretion of the trial court, and its ruling will not be reversed on 
 appeal absent a clear showing of abuse of that discretion.  Ledford v. Pennsylvania 
 Life Ins. Co., 267 S.C. 671, 674-75, 230 S.E.2d 900, 902 (1976); Lowes 
 of Georgia, Inc. v. Constantino, 288 S.C. 106, 109, 341 S.E.2d 382, 383 
 (Ct. App. 1986).  An abuse of discretion arises when an order of a lower court 
 on a motion to vacate a judgment was controlled by an error of law or when the 
 order is without evidentiary support.  Ledford, 267 S.C. at 675, 230 
 S.E.2d at 902.
LAW/ANALYSIS
Based on our review of the record before 
 us, we conclude the trial court abused its discretion in setting aside the June 
 17, 2002, entry of default judgment.  
 The trial court apparently 
 treated Fullers July 2002 letter as a motion to set aside the judgment pursuant 
 to Rule 60 (b), SCRCP.  After default judgment has been entered, the trial court 
 may set aside that judgment in accordance with Rule 60(b), SCRCP.  Rule 55(c), 
 SCRCP.  Rule 60(b) provides that [o]n motion and upon such terms 
 as are just, the court may relieve a party or his legal representative from 
 a final judgment, order, or proceeding due to mistake, inadvertence, excusable 
 neglect, newly discovered evidence, fraud or other similar reasons. (emphasis 
 added). Notwithstanding, such a motion may not be granted without affording 
 an affected party the procedural due process guarantee of notice and opportunity 
 to be heard.  [I]t is fundamental that no judgment or order affecting the rights 
 of a party to the cause shall be made or rendered without notice to the party 
 whose rights are affected.  Tryron Fed. Sav. & Loan Assn v. Phelps, 
 307 S.C. 361, 362, 415 S.E.2d 397, 398 (1992) (citing Insurance Co. of North 
 America v. Hyatt, 290 S.C. 159, 348 S.E.2d 532 (1986)).  Generally, a person 
 against whom a judgment or order is taken without notice may rightly ignore 
 it and may assume that no court will enforce it against his person or property.  
 Universal Benefits, Inc. v. McKinney, 349 S.C. 179, 183, 561 S.E.2d 659, 
 661 (Ct. App. 2002).  The requirements of due process not only include notice, 
 but also an opportunity to be heard in a meaningful way, and judicial review.  
 S.C. Dept of Soc. Servs. v. Holden, 319 S.C. 72, 78, 459 S.E. 2d 846, 
 849 (1995).
It is clear from the 
 record that the trial court failed to afford BB&T the opportunity to be 
 heard on Fullers claim that she was not in default because she tried to serve 
 BB&Ts attorney by registered mail and the mail was refused.  Because the 
 trial court abused its discretion in granting relief to Fuller under Rules 
 55(c) and 60(b) by rescinding its earlier entry of default judgment, the trial 
 courts order setting aside the default judgment is reversed.  The effect of 
 this reversal is to vacate the trial courts order of July 11, 2002 and filed 
 on July 16, 2002.
 REVERSED.
HUFF and STILWELL, 
 JJ., and CURETON, AJ., concur.