21332

The **STATE**, Respondent, v. Jesse **LANGSTON**, Appellant.

(272 S. E. (2d) 436)

*Asst. Appellate Defender David W. Carpenter,* of *S. C. Commission of Appellate Defense,* Columbia, and *Asst. Public Defenders Stephen J. Henry* and *Howard W. Paschal, Jr.,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

November 18, 1980.

*Per Curiam:*

Appellant, Jesse Langston, appeals the denial of a motion for continuance made by his appointed counsel when appellant failed to appear at his trial. Appellant was found guilty by a jury of resisting arrest, a misdemeanor. A sealed sentence was imposed by the trial judge. Appellant contends that conducting the trial *in absentia* violated his constitutional rights. We disagree and affirm.

Appellant was released after his arrest in September, 1979 on a recognizance bond which required him to appear at trial "when notified" and to advise the court of any change of address. The record reveals that the solicitor's office mailed notice of the trial date to appellant on March 3, 1980 at the address given by appellant on the bond. The solicitor's officer received no indication from the post office that the letter

was not delivered. Although appellant failed to appear at trial on March 13, 1980, he was represented by two members of the public defender's office who moved for a continuance on the grounds that appellant had no actual notice of the trial date and that Circuit Court Rule 35, which permits trial *in absentia* of one accused of a misdemeanor but not of a felony, is unconstitutional.

Apart from counsel's bare assertion that appellant had no actual notice, the record is silent regarding appellant's receipt of notice of the trial date. There is evidence, however, that a notice was mailed to appellant by the solicitor's office and not returned by the post office. In civil matters, the mailing of a properly stamped and addressed letter which is not returned by the postal authorities gives rise to a rebuttable presumption that the letter was received by the addressee in the due course of mail. *Calder v. Commercial Casualty Insurance Co.,* 182 S. C. 240, 188 S. E. 864 (1936). This presumption is also applied in criminal cases. *See Hagner v. United States,* 285 U. S. 427, 52 S. Ct. 417, 76 L. Ed. 861 (1932); *State v. Charles,* 538 S. W. (2d) 944 (Mo. Ct. App. 1976); *State v. Karbas,* 28 N. C. App. 372, 221 S. E. (2d) 98 (1976); *Commonwealth v. Crosscup,* 369 Mass. 228, 339 N. E. (2d) 731 (1975); *Guy v. State,* 138 Ga. App. 11, 225 S. E. (2d) (2d) 492 (1976); *Cooksey v. State,* 524 P. (2d) 1251 (Alaska 1974); *State v. Mays,* 96 Ariz. 366, 395 P. (2d) 719 (1964).

Appellant's counsel brought forth no evidence to rebut the presumption of delivery which arises from evidence that notice was properly mailed and have made no showing of their efforts to locate appellant or notify him of the trial. If appellant changed his address, the conditions of the bond required him to advise the court of a new address. In view of the above, it appears that appellant knowingly and voluntarily waived his right to be present at his trial. *Compare, State v. Green,* 269 S. C. 657, 239 S. E. (2d) 485 (1977).

Appellant also contends that Circuit Court Rule 35 violates his constitutional rights to equal protection under the laws. He argues that the misdemeanor-felony distinction has no rational basis where, as here, the maximum sentence for a misdemeanor exceeds the maximum sentence for some felonies. The same argument was decided adversely to appellant in *Ellis v. State,* 267 S. C. 257, 227 S. E. (2d) 304 (1976).

A motion for continuance is addressed to the sound discretion of the trial judge, *State v. Beckham,* 273 S. C. 755, 259 S. E. (2d) 610 (1979). Since appellant has not rebutted the presumption that he received notice of the trial date, we cannot find an abuse of that discretion. Accordingly, the judgment of the trial court is affirmed.