0628

David Julian VANCE, Respondent v. Norma Stewart VANCE, Appellant.

(340 S. E. (2d) 554)

Court of Appeals

*Jan L. Warner*, of Sumter, and *C. Dixon Lee, III*, of *Draine, McLaren & Lee*, Columbia, *for appellant.*

*Thomas E. Shealy*, of *Rogers & Riggs*, Manning, *for respondent.*

Heard Dec. 16, 1985.

Decided Feb. 7, 1986.

GARDNER, Judge:

This is an appeal from an order of the Family Court reducing the wife's alimony and refusing to award the wife attorney's fees.

David Julian Vance and Norma Stewart Vance were married in 1965 and subsequently granted a divorce by a Georgia

decree in 1974. Alimony was originally set at $235 every two weeks, continuing until the wife remarries or dies.

. The couple had no children. After the divorce the husband remarried in 1979; the wife moved to South Carolina to take up residence with Michael Brooks. The wife and Mr. Brooks have moved twice to accommodate each other's career decisions. They presently reside in Paxville splitting their living expenses while sharing the same bed.

The family court, upon petition by Mr. Vance to terminate the wife's alimony, reduced alimony to $100 per month because of changed circumstances; he refused to award the wife attorney fees.

The wife appealed this order on these three grounds: first, the husband's amended petition does not encompass the issue of changed financial condition; second, the prepondernace of the evidence does not support a finding of changed circumstances; and third, the court abuséd its discretion in not awarding the wife attorney fees.

I.

Family Court Rule 12 provides that the petition and all other family court pleadings shall be liberally construed. The husband alleged that the conduct of living with Mr. Brooks is a change in condition for the wife that warrants termination of alimony. We find that the husband's amended petition sufficiently notified the wife of the issues upon which the husband based his claims. We therefore reject this contention.

II.

In a case on appeal from an order of the family court, this court may find facts in accordance with its own view of the evidence. *Bannen v. Bannen*, 286 S.C. 24, 331 S. E. (2d) 379 (Ct. App. 1985); however, the Court is not required to disregard findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate testimony. *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985).

The wife's second contention cannot be sustained in light of the facts enumerated above; therefore, we

concur with the trial judge. Living with another, whether it is with a live-in lover, a relative, or a platonic housemate, changes the wife's circumstances and alters her required financial support. Moreover, we adopt former Chief Justice, then Associate Justice, Littlejohn's reasoning in his concurring opinion in *Jeanes v. Jeanes*, 255 S. C. 161, 177 S. E. (2d) 537 (1970).[1]

### III.

The awarding of attorney fees is within the sound ■ discretion of the family court judge. *Barth v. Barth*, 285 S. C. 316, 329 S. E. (2d) 446 (Ct. App. 1985). We find the judge did not abuse his discretion and therefore reject the wife's contention.

For the above stated reasons, we affirm the family court's order.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.

---

[1] Justice Littlejohn found Mrs. Jeanes was not technically married but her relationship is "tantamount to marriage"; the relationship continued over more than two years. "She ha[d] entered into a sphere of living which involve[d] a change of circumstances as contemplated by the Legislative Act." His concurrence refers to Section 20-116 which is now embodied in Section 20-3-170, South Carolina Code of Laws (1976), as amended.