1092

Gerald D. CARTEE, Appellant, v. Betty H. CARTEE, Respondent.
(366 S. E. (2d) 269)

Court of Appeals

*John M. Rollins,* Greer, *for appellant.*

*Marcia R. Powell,* Spartanburg, *for respondent.*

Heard Jan. 19, 1988.

Decided Feb. 22, 1988.

SANDERS, Chief Judge:

This is an appeal from an order of the Family Court denying the petition of appellant Gerald D. Cartee to terminate his obligation to pay alimony to his former wife, respondent Betty H. Cartee. We affirm.

The issues presented on appeal are whether the trial judge erred: (1) in not terminating or reducing the obligation of Mr. Cartee to pay alimony; and (2) in allowing only in camera testimony by the minor child of Mrs. Cartee.

I

Although we have jurisdiction in this case to find facts based on our own view of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in the better position to evaluate their testimony. *Hartley v. Hartley*, 292 S. C. 245, 355 S. E. (2d) 869 (Ct. App. 1987).

"A family court has authority to modify an award of periodic alimony upon a showing of altered circumstances." *White v. White*, 290 S. C. 515, 519, 351 S. E. (2d) 585, 587 (Ct. App. 1986). "At the same time, it is not every change of condition which warrants a new order. The change must be substantial." *Gore v. Gore*, 288 S. C. 438, 440, 343 S. E. (2d) 51, 52, (1986). "[T]he burden is upon the party seeking modification to show by the preponderance of the evidence that a change has occurred." *Boney v. Boney*, 289 S. C. 596, 597, 347 S. E. (2d) 890, 891 (Ct. App. 1986). We find no substantial change of condition in the instant case which warrants a modification of the award of alimony.

We specifically reject the argument of Mr. Cartee that the fact Mrs. Cartee has been living with another man requires terminating or reducing his obligation to pay her alimony. Mr. Cartee alleges Mrs. Cartee and another man have been living together, "enjoying all of the benefits of marriage without ever going through a formal marriage ceremony." Mrs. Cartee admits to having lived in the same household with the man but denies "enjoying the benefits of marriage." She alleges the man is blind and she was hired by his family to stay with him "for his safety." The trial judge found "the weight of evidence shows that there has been no common law marriage and no sexual, nor

romantic relations between Mrs. Cartee and [the man]." He further found "no change of circumstances warranting a termination nor decrease in alimony at this time."

This Court has affirmed orders of the Family Court modifying awards of alimony based on the fact the recipient was living with another person. *See Palmer v. Palmer,* 289 S. C. 216, 345 S. E. (2d) 746 (Ct. App. 1986); *Vance v. Vance,* 287 S. C. 615, 340 S. E. (2d) 554 (Ct. App. 1986). However, in both these cases, unlike the instant case, the relationship of the recipient with the other person had a substantial impact on her financial condition. In *Palmer,* the Court specifically found an improvement in the economic circumstances of the recipient resulting from her relationship with the other person. In *Vance,* the recipient and the other person were living together and dividing their living expenses. In the instant case, it does not appear the relationship had any substantial impact on the financial condition of Mrs. Cartee. Indeed, the record does not contain any evidence as to her financial condition at the time she was awarded alimony. Therefore, whatever the relationship may have been is of no consequence. *Cf. Stroman v. Williams,* 291 S. C. 376, 381, 353 S. E. (2d) 704, 707 (Ct. App. 1987) (Sanders, C. J., concurring: "We are not in the business of gratuitously judging the private lives of other people.").

## II

We also reject the argument of Mr. Cartee that the trial judge erred in allowing only in camera testimony by the minor child. The testimony of the child was discussed before the trial of the case began. At that time, counsel for Mr. Cartee asked, "that we have the right to cross examine her, just like any other witness, your honor." The trial judge responded, "Yes, sir. Call her as a witness in this trial. It's not a matter I would have to have a hearing in chambers, in my opinion." Mr. Cartee chose not to call the child as a witness. Near the end of the trial, the record notes: "(After [the child's] arrival to the courtroom, an in camera conference was held)." The record reflects a summary by the trial judge of what the child told him in camera. However, it neither reflects any objection by Mr. Cartee to the in camera examination nor any request by him to cross examine the child after her in camera examination. "The failure to make

a timely and proper objection to the introduction of testimony waives the right to object to such testimony on appeal." *Calcutt v. Calcutt*, 282 S. C. 565, 569, 320 S. E. (2d) 55, 57 (Ct. App. 1984).

Moreover, we have not relied on the testimony of the child in deciding this case. Indeed Mr. Cartee appears to concede in his brief that her testimony "is not essential." Therefore, he has suffered no prejudice under the circumstances. *See Keller v. Pearce-Young-Angel Co.*, 253 S. C. 395, 399, 171 S. E. (2d) 352, 355 (1969) ("The burden is, of course upon the appellant to show not only error but resulting prejudice.").

For these reasons, the order of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.