1239

W. Carl WIGGINS, Jr., Respondent v. Burnett William TODD and Todd's Ice Cream, Inc., Appellants.

(373 S. E. (2d) 704)

Court of Appeals

*Harold W. Jacobs* and *Russell T. Burke, Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellants.*

*Thomas Dewey Wise* and *W. Andrew Gowder, Jr., Wise & Cole, P.A.,* Charleston, *for respondent.*

Heard Sept. 19, 1988.

Decided Oct. 31, 1988.

CURETON, Judge:

Carl Wiggins sued Burnett Todd and Todd's Ice Cream, Inc. (collectively referred to as Todd) for breach of an employment contract. No answer was served. Default was entered and the case was referred to the Master-In-Equity for a damages hearing. The Master recommended a judgment of $33,188 in actual damages. The circuit court affirmed the Master's report and denied Todd's motion to vacate the report. Todd appeals.

Todd's motion is not in the record. The Statement of the Case indicates the grounds of the motion were (1) failure to receive prior notice of the damages hearing under S. C. R. Civ. P. 5(a) and (2) violation of S. C. R. Civ. P. 54(c) concerning the amount of the default judgment.

As to notice, Wiggins' counsel mailed a certified letter, return receipt requested, to Todd on February 25, 1987. The letter notified Todd of a damages hearing scheduled for March 2nd in Charleston. The record indicates the Post Office delivered Todd a first notice of the certified letter on February 26. A second notice from the Post Office was delivered on March 2. This letter was picked up the next day. No action was taken by Todd until March 27 when the motion was filed.

Todd argues the mailing of the letter did not comply with S. C. R. Civ. P. 5(a) because it was not received until after the date of the hearing. Rule 5(a) provides, in part, that "every written notice ... shall be served upon each of the parties; ... and notice of any trial or hearing on unliqui-

dated damages shall also be given to parties in default." Thus, Rule 5(a) requires service of written notice of an unliquidated damages hearing in a default case. Rule 5(b) provides "[s]ervice by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint."

In 1981, the South Carolina Supreme Court established a notice requirement for unliquidated damages default hearings. The Court set a practice of claimant's counsel giving the defendant four days notice of the time and place of hearing pursuant to former Code Section 15-9-960. *Lewis v. Congress of Racial Equality,* 275 S. C. 556, 274 S. E. (2d) 287 (1981); *Renney v. Dobbs House Inc.* 275 S. C. 562, 274 S. E. (2d) 290 (1981). Corresponding code sections provided the notice was to be in writing and served. Service by mail was allowed and was complete upon mailing. Sections 15-9-930 and 940, Code of Laws of South Carolina, 1976, *repealed,* Act No. 100, 1985 *S. C. Acts* 277. *See Walters v. Laurens Cotton Mills,* 53 S. C. 155, 31 S. E. 1 (1898) (service by mail complete when deposited in mail, properly addressed and postage paid).

Service of the hearing notice was complete on mailing ▮ under the current rules and prior statutes and caselaw. There is no requirement for use of certified mail in Rule 5. In this case, the record demonstrates first notice of the certified letter was given to Todd by the Post Office before the hearing. The record also indicates Todd did nothing after receiving the letter for approximately three weeks. The circumstances indicate a lack of diligence by Todd in protecting his rights.

Todd's second exception states the judgment violated ▮ S. C. R. Civ. P. 54(c). The rules provides, in part, that a judgment by default shall not exceed the amount prayed for in the demand for judgment. The demand for judgment in the complaint does not specify a certain sum but seeks actual damages.[1] The court's order does not mention Rule 54(c). The order states the damages were not so out of proportion and excessive as to warrant vacating the

---

[1] The demand for judgment was not in the record. A motion to supplement the record was unopposed and was granted.

judgment out of general equity principles. The judgment does not technically violate Rule 54(c) because the demand sought actual damages in some amount and actual damages were awarded. Todd argues the amount of the damages is grossly excessive in view of the specific allegations of the complaint which refer to a loss of income at $500 per week for a five week period. The complaint refers to an original and an amended contract of employment. The contracts are not in the record. From the allegations, the original contract apparently called for a period of employment in excess of one year at $500 per week. The amended contract called for employment until the purchase of the business which was to occur within sixty days of the date of the amended agreement. The purchase did not occur and Wiggins' employment was terminated. Significantly, paragraph twelve of the complaint contains the following language:

> *Twelve:* That such breach caused Plaintiff to lose income at a rate of Five Hundred Dollars ($500.00) per week through December 8, 1986 and incur other consequential and incidental damages as a result of the breach.

This is the only language specifying damages. It identifies a specific period of time for lost income. This period of time is not equal to the sixty-one weeks of lost income awarded to Wiggins. Although Todd was in default, Wiggins' right to recover was not unlimited and was circumscribed by the complaint he drafted. *Lewis,* 275 S. C. 556, 274 S. E. (2d) 287 (a defendant in default as to liability has a right to expect the judgment will be in keeping not only with the allegations and prayer for relief but also the proof). His complaint sought lost income of $2,500 for five weeks and that is all he is entitled to recover. Todd did not except to the award of hospitalization expense of $2,688.

Todd is entitled to an award of $5,188 plus costs as identified in the trial court's order. This court may modify a judgment where damages improperly allowed may be segregated. *Southeastern Mobile Homes, Inc. v. Walicki,* 282 S. C. 298, 317 S. E. (2d) 773 (Ct. App. 1984). The judgment is affirmed as modified and remanded with

instructions to enter judgment in accordance with this opinion.

Affirmed as modified.

SHAW and BELL, JJ., concur.

