1333

Kenneth G. HOLZAPFEL, Appellant v. Patricia Jane HOLZAPFEL, Respondent.

(379 S. E. (2d) 737)

Court of Appeals

*Samuel L. Svalina,* of *Dowling, Sanders, Dukes, Svalina & Williams,* Beaufort; and *James B. Richardson, Jr.,* of *Richardson & Smith,* Columbia, *for appellant.*

*James H. Moss* and *H. Fred Kuhn,* both of *Moss, Bailey, Dore & Kuhn,* Beaufort, and *Andrew N. Safran,* of *Lourie, Curlee, Barrett & Popowski,* Columbia, *for respondent.*

Heard March 21, 1989.

Decided April 24, 1989.

*Per Curiam:*

In 1985 Patricia Jane Holzapfel (the wife) sued Kenneth G. Holzapfel (the husband) for divorce, alimony, attorney fees and equitable distribution. An order was issued on December 17, 1986, granting the wife a divorce on the grounds of physical cruelty and reserving for later disposition the issues of alimony, attorney fees and equitable distribution. In subsequent action, the appealed order provided for distribution of the marital estate and attorney fees for the wife. We affirm.

The parties were married for about 28 years. During this time, they worked together in the family business of real estate development and speculation. The wife also managed the household and was the primary caretaker of the parties' two children, now emancipated.

In 1973, the parties formed Applewood Properties, Inc., (Applewood), a Pennsylvania corporation. The testimony reflects that Applewood was a holding company for the parties' "good solid real estate." Applewood issued 100 shares of authorized capital stock. It seems that the stock was never actually delivered but 30 shares were in the husband's name, 30 shares were in the wife's name and 20 shares each were in the name of the parties' son and daughter. Later, in 1974, husband and wife gave the children all the stock in Applewood; however, the stock was not delivered to the children. The parties continued to run Applewood after the stock transfer; the children never worked for Applewood and, as far as the record discloses, never received any dividends or other income from the corporation.

By 1982, the parties and their children had moved to Hilton Head Island, South Carolina. There the parties retained the services of an attorney, Eve B. Guggenheim, who advised them about Applewood. In reviewing Applewood's record, Guggenheim noticed several problems, e.g., (1) no unissued stock, (2) parents owned nothing and were at the mercy of the children and (3) no stock certificates had been delivered. The attorney suggested that the husband and wife should own stock in Applewood; the husband was opposed to this because he did not want any stock in his name.

In 1984 Appelwood was recapitalized; the authorized shares were increased from 100 to 1,000; 250 shares of stock were then issued to the wife and 50 shares of stock were issued to each of the two children. The evidence is conflicting on how and why the wife received 250 shares in Applewood. The appealed order found as a matter of fact that the stock was a gift to the wife. The corporate records, however, indicate that the stock was issued in payment of past funds contributed by the wife. Guggenheim testified that she understood that the shares were issued in consideration of past services rendered by the wife and that the corporate records are therefore incorrect. On the other hand, the daughter testified that the stock was a gift to the wife and also in payment of future services to Applewood. The wife's testimony was inconsistent; however, she did testify among other things that the stock was a gift to her.

We observe that in the appealed order, the trial judge clearly resolved all issues of credibility against the husband. The appealed order found that the husband had misrepresented his financial status and had entered "Pennsylvania's equivalent to Pre-Trial Intervention" on charges of fraud, forgery and breach of trust; these charges apparently arose out of his real estate ventures and speculations.

Since the trial judge found that the stock in Applewood was a gift, she held by the appealed order that it was not a part of the marital estate; this holding is the central issue of this appeal. The sole issue of merit, then is whether the trial judge erred in excluding from the marital estate the wife's stock in Applewood Properties, Inc.

Although this court has jurisdiction in divorce cases to find facts based on our own view of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position than we are to evaluate their testimony. *Cartee v. Cartee*, 295 S. C. 103, 366 S. E. (2d) 269 (Ct. App. 1988).

We have carefully reviewed the transcript of record. There is evidence of record to support fully the trial judge's attitude toward the credibility of the husband. With this in mind, we hold that the preponderance of the evidence of record supports the conclusion of the trial judge that the

stock was a gift by the children to the wife with the expectation that the wife would furnish future services in connection with Applewood.

We reject as having no merit the husband's exception to the award of attorney fees to the wife.

For the reasons given, the appealed order is affirmed.

Affirmed.