1440

PIONEER ASSOCIATES, INC. and Venture/Search, Inc., Texas Corporations, d/b/a Pioneer Associates, a Texas Partnership, Appellant v. TICOR TITLE INSURANCE CO., Respondent.

(387 S. E. (2d) 711)

Court of Appeals

*George J. Morris,* Charleston, *for appellant.*

*W. Jefferson Leath, Jr.,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Submitted Nov. 28, 1989.

Decided Dec. 18, 1989.

*Per Curiam:*

Pioneer Associates (Pioneer) appeals from a circuit court order granting a motion by Ticor Title Insurance Co. (Ticor) to vacate a default judgment. We dismiss the appeal.

In 1985 Pioneer brought suit against the Salmiah Corporation (Salmiah). In March 1985 the court issued an order requiring the parties to set up an escrow account containing $100,000 in the name of Ticor, a California Corporation doing business in South Carolina, pending resolution of Pioneer's case against Salmiah. Ticor was not a party to the action and was not represented at the hearing.

Pioneer obtained a judgment in August 1988 against Salmiah for $100,000 and demanded disbursement from Ticor of the funds in the escrow account. In November 1988 Pioneer filed suit against Ticor for judgment on the escrow account. Pursuant to South Carolina Code Ann. Section

15-9-270 (1976), Pioneer served the summons and complaint upon the Chief Insurance Commissioner (Commissioner) on January 17, 1989. The Commissioner acknowledged service that date and mailed notice, together with the summons and complaint, to Ticor at 433 South Spring Street, Los Angeles, California. However, since 1977 Ticor's correct address has been 6300 Wilshire Boulevard, Suite 386, Los Angeles, California, and Ticor had filed annual reports with the Commissioner listing the correct address.

On February 23, 1989, Pioneer submitted an affidavit of default and proposed order of judgment. The court issued an order of judgment for Pioneer on March 2, 1989.

On February 27, 1989 the Commissioner mailed the summons and complaint to the Wilshire Boulevard address together with a letter stating the Commissioner accepted service on Ticor on January 17, 1989.

Ticor immediately contacted its South Carolina counsel, who in turn contacted Pioneer's counsel. On March 9, 1989, Ticor moved to vacate the default judgment. Ticor attached a memorandum and several affidavits to the motion in which it raised several defenses to the suit, including: (1) Ticor was never served with the 1985 order requiring the escrow account; (2) the order imposed no duty upon Ticor; (3) Pioneer has no legal cause of action against Ticor; and (4) Ticor justifiably relied on statements by Salmiah's counsel in releasing the funds from the escrow account.

The trial court found a mistake or excusable neglect existed to justify granting Ticor's motion. Without expressing an opinion as to the merits of Ticor's alleged defenses, the court found the defenses, if proved, "would constitute a meritorious defense to this action." The court granted the motion vacating the default judgment and Pioneer appeals.

Rule 60(b), SCRCP, provides in part

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

Rule 72, SCRCP, provided,[1] in part, that an immediate appeal could be taken from "any order or judgment on a motion or independent action under Rule 60(b) of these rules." However, the right to appeal is controlled by South Carolina Code Ann. Section 14-3-330 (1976), not by Rule 72. *Jefferson v. Gene's Used Cars, Inc.*, 295 S. C. 317, 368 S. E. (2d) 456 (1988).

> The general rule in this country with regard to orders setting aside default judgments is that they are neither final orders nor orders granting a new trial, the reasoning being that they are interlocutory in nature and since there has never been a trial in the first instance they cannot be considered orders granting a "New" trial or "rehearing."

*Parsons v. McCoy*, 157 W.Va. 183, 202 S. E. (2d) 632 (1973) (citations omitted). *See also* 8 A. L. R. (3d) 1272 (1966 and 1989 Supp.) (the majority rule is that an order granting a motion to set aside a default judgment is not immediately appealable).

The order in this case granting a motion to set aside a default judgment does not fall within any exception enumerated in Section 14-3-330, and we hold it is not immediately appealable.[2]

Accordingly, the appeal is dismissed.

---

[1] Rule 72, SCRCP, was amended, effective July 1, 1989, and now provides "[a]ppeal may be taken, as provided by law, from any final judgment or appealable order."

[2] In its reply brief Pioneer points out that in *Mitchell Supply Co., Inc. v. Gaffney*, 297 S. C. 160, 375 S. E. (2d) 321 (Ct. App. 1988) this Court entertained a direct appeal from an order granting a Rule 60(b) motion. However, unlike the instant case, it does not appear that the question of whether the order was immediately appealable was presented, and it is clear that the question was not decided in that case. Therefore, the decision in that case is not determinative of the decision in the instant case. *Ateyeh v. United of Omaha Life Insurance Company*, 293 S. C. 436, 361 S. E. (2d) 340 (Ct. App. 1987).