1807

W.W. DIBBLE, Appellant v. David R. SCHADE, Defendant; and VICTORY SAVINGS BANK, Respondent v. David R. SCHADE, Charleston Lumber Co., Inc., and W.W. Dibble, of whom W.W. Dibble, is, Appellant.

(417 S.E. (2d) 104)

Court of Appeals

*W.W. Dibble, pro se.*

*Charles E. Carpenter, Jr., Deborah L. Harrison* and *Frederick A. Crawford,* all of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Heard March 17, 1992; Decided Apr. 27, 1992.

Reh. Den. May 20, 1992.

CURETON, Judge:

This appeal involves a dispute between a tax sale purchaser and the holder of a mortgage. The property was an office condominium. An action to clear title and a foreclosure action involving the condominium were consolidated for trial. The master granted a nonsuit to Victory Savings Bank in the action to clear title and granted judgment for Victory Savings Bank in the foreclosure action. W.W. Dibble, the tax sale purchaser, appeals. We affirm.

On May 17, 1988, David Schade executed a commercial note payable to Victory Savings Bank. To secure the note, Schade also executed a mortgage on an office condominium. Schade filed for Chapter 11 bankruptcy in February 1989. Victory Savings filed its proof of claim on April 20, 1989, in the bankruptcy proceeding. Schade was a debtor in possession. He defaulted on the note in June 1989. The bankruptcy action was converted to Chapter 7 on September 19, 1989. On December 4, 1989, the bankruptcy court released the property from the automatic stay on motion of Victory Savings.

In the interim, the property was sold for nonpayment of taxes at a Richland County tax sale on September 5, 1989.

W.W. Dibble purchased the property by payment of delinquent taxes. On October 27, 1989, Dibble filed a notice of *lis pendens* and subsequently filed an action on December 15, 1989, to clear title to the property. The only defendant named by Dibble in his suit was David Schade.

According to the Statement of the Case, Schade phoned Dibble on December 20, 1989, and inquired about the purpose of the complaint. Dibble informed Schade the property had been sold for delinquent taxes "with a bill of sale as title being held by [him] and this was a suit to clear tax title." On the same day, Dibble received a call from the attorney for Victory Savings also inquiring about the suit. The attorney requested a copy of the complaint which Dibble mailed to her.

According to the sequence of events, Victory Savings paid the taxes and a redemption fee on the property on January 19, 1990. Victory Savings commenced a foreclosure action on January 22, 1990. Schade and Dibble were named as defendants. Dibble answered the action.

As to Dibble's prior action to clear title, an order was filed on May 8, 1990, which declared Schade in default and stated Dibble owned the property in "fee simple free and clear of all right, title, interest or claim of [Schade]." Judgment was entered on this order. Meanwhile, Victory Savings had filed a motion for an order of reference in the foreclosure action. The foreclosure action was referred to the master on May 21, 1990. Victory Savings also filed a motion to intervene in the clear title action on May 24, 1990. By order of June 4, 1990, the circuit court held the previous order in the clear title action had been signed by the court through error because Dibble had failed to name and notice all interested parties (i.e. Victory Savings Bank). Therefore, the circuit court *sua sponte* voided the judgment and restored the case to the active roster. The court referred both the clear title action and the foreclosure action to the master with finality and direct appeal to the Supreme Court.

At the consolidated hearing, the master granted a motion for nonsuit in favor of Victory Savings Bank in the clear title action. The master also granted a judgment of foreclosure for Victory Savings. Dibble's primary substantive argument is the master erred in concluding Victory Savings Bank had a right of redemption because the condominium was personal property and not real property.

■ A mortgage creditor is given a twelve month right of redemption of real estate from the date of the delinquent tax sale. S.C. Code Ann. Section 12-51-90 (Supp. 1991). If the real estate is redeemed, the purchaser at the tax sale is entitled to reimbursement of the purchase price along with interest. S.C. Code Ann. Section 12-51-100 (Supp. 1991). A purchaser of real property at a tax sale receives a tax title only after the period of redemption has passed without action to redeem. S.C. Code Ann. Section 12-51-130 (Supp. 1991). However, personal property has no redemption period subsequent to the time the property is "struck off to the successful purchaser at the delinquent tax sale."
S.C. Code Ann. Section 12-51-110 (Supp. 1991).

The record establishes the condominium is Unit 3-B in the Jefferson Executive Center Horizontal Property Regime. The mortgage refers to the master deed of the regime and describes the property as the unit together with the proportionate undivided interest appurtenant thereto in the common elements and a specific parking space in the adjoining lot.

■ Under the laws dealing with assessment of property taxes, the term "real property" is defined as "not only land, city, town and village lots but also structures and other things therein contained or annexed or attached thereto which pass to the vendee by the conveyance of the land or lot." S.C. Code Ann. Section 12-37-10(1) (1976). The term "personal property" is defined as "all things, other than real estate, which have any pecuniary value, and moneys, credits, investments in bonds, stocks, joint-stock companies or otherwise." S.C. Code Ann. Section 12-37-10(2) (1976). The Horizontal Property Act defines "condominium ownership" as "the individual ownership of a particular apartment in a building and the common right to a share, with other co-owners, in the general and limited common elements of the property." S.C. Code Ann. Section 27-31-20(c) (Rev. 1991). Further, the Act provides "taxes . . . shall be assessed against and collected on each individual apartment, each of which shall be carried on the tax books as a separate and distinct entity for that purpose. . . ." S.C. Code Ann. Section 27-31-270 (Rev. 1991). Given these definitions, we agree the condominium unit was real property as opposed to personal property for tax purposes and Victory Savings Bank had a statutory right of redemption

which it exercised within the appropriate time period. *See* 31 C.J.S. *Estates* § 146 (Supp. 1991) (a condominium . . . is an estate in real property consisting of a separate interest in a residential building on such real property together with an undivided interest in common in other portions of the same property); *Dutcher v. Owens,* 647 S.W. (2d) 948 (Tex. 1983); *Gerber v. Town of Clarkstown,* 78 Misc. (2d) 221, 356 N.Y.S. (2d) 926 (N.Y. Sup. Ct. 1974); *Andrews v. City of Greenbelt,* 293 Md. 69, 441 A. (2d) 1064 (1982). Therefore, the appellant did not acquire a tax title to the property and had no basis on which to file a suit to clear title.[1]

The appellant also raises certain other points in his brief.[2] He argues Victory Savings had notice of his clear title action and acted in an untimely manner to intervene so laches should apply against the bank. The master granted the motion of Victory Savings to intervene in the clear title action. We find no abuse of discretion since Victory Savings had an interest in the property by virtue of its mortgage and was not named as a party by Dibble. Laches would not apply because the motion to intervene was made within approximately five months from the filing of Dibble's suit. There was no unreasonable neglect or delay by Victory Savings in seeking to intervene. *Jefferson Pilot Life Ins. Co. v. Gum,* 302 S.C. 8, 393 S.E. (2d) 180 (1990). Dibble also suffered no prejudice because he had no right to a tax title to the property until the expiration of the redemption period.

Dibble also asserts the circuit court erred in voiding the default judgment entered against Schade in the clear title action. We find no error. At the time the court signed the order Schade had not responded to the complaint so he was in default; however, Victory Savings had not been named a party to the suit by Dibble although Victory Savings clearly had an interest in the property by virtue of the mortgage it held. When the court became aware of the situation with Victory Savings the court *sua sponte* voided the judgment and restored the case to the active roster. We find no reversible error in the court's action because Dibble suf-

---

[1] As we read the record, Dibble never received a deed to the subject property. Arguably, that basis alone would constitute a reason to affirm the master.

[2] It is not clear all these points were raised and ruled upon by the master but we address them for purposes of disposition of this appeal.

fered no prejudice. Schade never responded to the complaint even after the order voiding the judgment so Dibble received the practical effect of the default against him. Further, given Dibble's status as a tax sale purchaser, he had no title to the property at the time he brought the clear title action so he suffered no prejudice by the court's action in voiding the judgment. *Cartee v. Cartee*, 295 S.C. 103, 366 S.E. (2d) 269 (Ct. App. 1988) (burden upon appellant to show error and resulting prejudice); *McCall v. Finley*, 294 S.C. 1, 362 S.E. (2d) 26 (Ct. App. 1987) (appellate courts should recognize an overriding rule of civil procedure which says "whatever doesn't make any difference, doesn't matter").

We also note the appellant filed a notice of intent to appeal from the order of the circuit court vacating the default judgment. An order granting a motion to set aside a default judgment is interlocutory and not immediately appealable. *Pioneer Assocs. v. Ticor Title Ins. Co.*, 300 S.C. 346, 387 S.E. (2d) 711 (Ct. App. 1989). When an order is interlocutory and not immediately appealable, the service and filing of a notice of intent to appeal does not transfer jurisdiction to the Supreme Court and does not stay the proceedings in the trial court. *South Carolina Public Serv. Auth. v. Arnold*, 287 S.C. 584, 340 S.E. (2d) 535 (1986). Finally, Dibble asserts the master erred in certain of his findings of fact. We have examined the record and order of the master and find no prejudice to Dibble.

Affirmed.

BELL, J. and LITTLEJOHN, Acting J., concur.