574 S.E.2d 747

**Fred T. HOPKINS, Appellant,**

v.

**Robert F. HARRELL, Jr. and Miles Heating and Air–Conditioning, Inc., Defendants,**

**of whom Robert F. Harrell, Jr., is the Respondent.**

**No. 3568.**

Court of Appeals of South Carolina.

Heard Oct. 9, 2002.

Decided Nov. 18, 2002.

Rehearing Denied Jan. 24, 2003.

518

Fred T. Hopkins, of Florence, pro se.

Reginald C. Brown, Jr., and Robert D. McKissick, of Florence, for Respondent.

GOOLSBY, J.:

Fred T. Hopkins appeals a circuit court order dismissing this action based on his alleged failure to mediate the matter as required by a prior court order. Hopkins asserts the circuit court's dismissal was error because (1) this action was filed prior to the effective date of the rules for mediation and arbitration established by the South Carolina Supreme Court, and (2) he was not given proper notice of the motion to dismiss. We affirm.

## FACTS

This action arises out of Hopkins's purchase of a home in the Vintage Place Development (Phase II) in Florence County. The home was constructed by Robert F. Harrell, Jr., the general contractor, and a subcontractor, Miles Heating and Air Conditioning. In March 1996, Hopkins brought this action against both Harrell and Miles alleging the home was improperly constructed.

By letter dated May 18, 1998, Harrell's counsel notified Hopkins that this action was included on a list of cases to be tried that week and that "[w]e appeared Monday morning before Judge Breeden and he has ordered this matter to mediation." Counsel noted, "Apparently what happened is that the mediator was appointed on the declaratory judgment case but never was appointed on this matter." Counsel asked Hopkins to sign an enclosed stipulation of mediator selection form naming Karl Folkens as the mediator or to submit the names of two or three other potential mediators.

Upon receiving no response, Harrell's counsel sent a second letter to Hopkins on July 8, 1998 reminding him of Judge Breeden's order requiring mediation and advising him that he had not received the stipulation form selecting a mediator.

Harrell's counsel thereafter sent Hopkins similar letters on July 30, 1998 and again on August 25, 1998 reminding him of the mediation order and requesting a response.

On September 18, 1998, Harrell filed a motion to dismiss the action based on Hopkins's failure to comply with the order requiring mediation. On October 6, 1998, Judge James Brogdon held a hearing on Harrell's motion to dismiss that was attended by both Hopkins and Harrell.[1] Judge Brogdon issued an order on November 9, 1998, stating: "After hearing from all parties and [reviewing] the clerk's file, it appears to this court that the mediation previously ordered by [Judge Breeden] has not been carried out by the parties." Judge Brogdon noted that Hopkins had failed to respond to requests for discovery and that discovery should be completed before meaningful mediation could occur. Judge Brogdon ordered the matter to be scheduled for mediation before Karl Folkens within thirty days of completing discovery, and provided if Hopkins failed to abide by the terms of this order, the matter would be dismissed.

On December 3, 1998, Harrell's counsel discovered the designated mediator, Karl Folkens, might have a conflict of interest because he had represented Hopkins in a real estate transaction, and he informed Hopkins, Folkens, and Judge Brogdon of the conflict. On March 9, 1999, Harrell's counsel wrote to Hopkins to inform him that he had appeared at a roster meeting before Judge Floyd and had advised the court that the matter had not been mediated because of the conflict. Judge Floyd directed the clerk of court to assign a mediator.

Eventually another mediator was assigned, and the case was scheduled for mediation on June 25, 1999. This date was rescheduled to July 15, 1999 and notice was sent to all parties on June 10th. Hopkins failed to appear at the mediation meeting on July 15th and did not provide notice to either the mediator or Harrell that he would not be in attendance. On July 20, 1999, Harrell filed another motion to dismiss based on Hopkins's failure to comply with Judge Brodgon's order of November 9, 1998 regarding discovery and mediation. The same day, Harrell's counsel filed a certificate of mailing with

---

1. Miles eventually settled with Hopkins and is not a party to this appeal.

the circuit court verifying the motion had been mailed to Hopkins on that date.

A hearing on Harrell's motion to dismiss was held by Judge Brogdon. Hopkins appeared at the hearing and argued the motion should not be heard because he allegedly did not receive notice of the motion. Hopkins further argued the action should not be dismissed because he did not intentionally fail to attend the mediation on July 15, 1999. Hopkins informed the court that he had been on vacation and the envelope containing the notice had been mistakenly placed inside a magazine. Hopkins maintained he did not find the notice of the mediation meeting until some three hours after the mediation was scheduled.

On September 9, 1999, Judge Brogdon filed an order dismissing the case with prejudice. The court concluded Hopkins had failed to comply with the November 9, 1998 order directing the parties to complete discovery and schedule mediation. The court noted the case had been pending since 1996 and Hopkins had made no effort to arrange mediation, nor had he responded to any attempts by Harrell to schedule the mediation. Hopkins appeals from the dismissal order.

## LAW/ANALYSIS

### I.

Hopkins first asserts the circuit court erred in dismissing this action because it did not have the authority to order the parties to engage in mediation. He contends the action was filed on March 8, 1996 and therefore was not subject to the mandatory Circuit Court Alternative Dispute Resolution Rules established by the South Carolina Supreme Court because the rules are applicable only to cases filed on or after March 15, 1996.

We conclude this argument is not properly before us for consideration on appeal. There is no indication in the record that Hopkins ever appealed the ruling requiring mediation or that he ever raised this issue to the circuit court during the three years the case was pending until after the action was dismissed. Hopkins never made this argument at the hearing held on Harrell's motion to dismiss and only belatedly raised

the issue in his Rule 59(e), SCRCP motion to alter or amend the judgment.[2]

Additionally, we reject Hopkins's contention that the argument is nevertheless appropriate for review because it involves a question of subject matter jurisdiction, which can be raised at any time. "Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.' " [3] It is clear the circuit court had subject matter jurisdiction to hear and determine this type of action, which sought damages for the defective construction of a home.[4] Accordingly, we find no reversible error in this regard.

## II.

Hopkins next argues the circuit court erred in hearing Harrell's motion to dismiss because he did not receive proper notice of the motion.

Rule 5(a) of the South Carolina Rules of Civil Procedure requires every written motion to be served upon all of the parties.[5] The rule further provides service may be accomplished by mailing the motion to the last known address of the party.[6]

---

**2.** *See, e.g., Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Tupper v. Dorchester County,* 326 S.C. 318, 487 S.E.2d 187 (1997) (noting an alleged error must be raised to and ruled upon by the trial court to be preserved); *Patterson v. Reid,* 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct.App.1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.").

**3.** *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994) (citation omitted).

**4.** *Cf. Universal Benefits, Inc. v. McKinney,* 349 S.C. 179, 184, 561 S.E.2d 659, 662 (Ct.App.2002) ("There is a difference between a want of jurisdiction, in which case the court has no power to adjudicate, and a mistake in the exercise of undoubted jurisdiction, in which case the court's action is not void, but is subject to direct attack on appeal.").

**5.** Rule 5(a), SCRCP.

**6.** *Id.* Rule 5(b)(1).

Harrell's motion to dismiss is accompanied by a certificate of mailing filed with the circuit court which indicates the motion was mailed to Hopkins on July 20, 1999. The circuit court noted the certificate of service by mail was proper and that Hopkins had admittedly received a similar motion to dismiss from the co-defendant, Miles, raising the same grounds. We find no reversible error in the circuit court's determination that service was properly made in this case.[7]

**AFFIRMED.**

HEARN, C.J., and HOWARD, J., concur.

<hr>

---

7. *See id.* ("Service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint."); *Wiggins v. Todd*, 296 S.C. 432, 373 S.E.2d 704 (Ct.App.1998) (citing Rule 5(b)(1) and holding service of a hearing notice was complete when deposited in the United States mail with a proper address and sufficient postage; *see also State v. Langston*, 275 S.C. 439, 272 S.E.2d 436 (1980) (noting there is a rebuttable presumption of delivery which arises from evidence that a notice was properly mailed).