THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Wells Fargo Home Mortgage, Inc., Respondent,
v.
Thomasena J. Holloway and Albert Holloway, Appellants.
 
 
 

Appeal from Lancaster County
William C. Tindal, Special Referee

Unpublished Opinion No. 2006-UP-317
Submitted May 6, 2006  Filed August 4, 2006

AFFIRMED

 
 
 
John Martin Foster, of Rock Hill, for Appellants.
Jonathan A. Marcantel, of Charleston, for Respondent.
 
 
 

PER CURIAM: In this mortgage foreclosure action, Thomasena and Albert Holloway (Appellants) appeal the special referees order of foreclosure and sale.  On appeal, Appellants argue: (1) the special referee lacked subject matter jurisdiction because they did not agree to a reference; (2) the special referees order is void for lack of notice; and (3) the special referees order is void because the mortgagor, Wells Fargo Home Mortgage, Inc. (Wells Fargo), failed to supply written testimony before the special referee.[1]  We affirm.
We note at the inception that several orders have been entered in this case, but the appellants have only appealed the special referees Order and Judgment of Foreclosure and Sale dated August 17, 2004.  While Appellants raise several issues regarding notice of the numerous hearings held by the special referee, the only issue that warrants our consideration relates to notice of the August 17, 2004 hearing.  The record contains an August 5, 2004 notice of hearing and a certificate of service of the notice upon the appellants by mail dated the same date.  The special referee found Appellants received proper notice of the hearing.  
Service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint.  Rule 5(b)(1), SCRCP (2005); State v. Langston, 275 S.C. 439, 441, 272 S.E.2d 436, 437 (1980) (holding the presumption of delivery arises from evidence that a notice was properly mailed). Contrary to the claim of Appellants, the case of Tryon Federal Savings & Loan Assoc. v. Phelps, 307 S.C. 361, 415 S.E.2d 397 (1992) does not require us to remand this case to the special referee for a determination of whether they received notice of the August 17, 2004 hearing.  Unlike Tryon, the record in this case contains evidence of notice of the August 17, 2004 hearing.  We therefore hold there is sufficient evidence to support the special referees conclusion that Appellants were properly served with notice of the August 17, 2004 hearing. 
As to all remaining issues, we affirm the special referee pursuant to Rule 220, SCACR (2005), and the following authorities: Rule 53(b), SCRCP  (2005) (In an action where the parties consent, in a default case, or an action for foreclosure, some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge or the clerk of court.); Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding it is well-settled that a party may not raise an issue for the first time on appeal, but it must have been raised to and ruled upon by the trial court); Foggie v. CSX Transp., Inc., 315 S.C. 17, 23, 431 S.E.2d 587, 590 (1993) (stating orders affecting mode of trial must be appealed immediately); Ross v. Richland County, 270 S.C. 100, 103, 240 S.E.2d 649, 650 (1978) (stating a judgment is void if a court acts without jurisdiction);  Shearer v. DeShon, 240 S.C. 472, 484, 126 S.E.2d 514, 520 (1962) (stating a party cannot complain of an error which his own conduct induced); Genobles v. West,  23 S.C. 154, 160 (1885) (finding irregularities which do not involve jurisdiction do not render a judgment void); Town of Mt. Pleasant v. Jones, 335 S.C. 295, 299, 516 S.E.2d 468, 470 (Ct. App. 1999) (holding an unappealed order of the trial court right or wrong, is the law of the case); In re Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) (stating when a party receives an order granting relief not requested of the court, he must move pursuant to Rule 59(e), SCRCP to preserve the issue for appeal); Dibble v. Schade, 308 S.C. 88, 92, 417 S.E.2d 104, 106 (Ct. App. 1992) (stating a courts sua sponte restoration of an action to the active docket is subject to reversible error analysis); Cartee v. Cartee, 295 S.C. 103, 106, 366 S.E.2d 269, 270 (Ct. App. 1988) (finding an appellate court will not disturb the rulings of a trial court, unless an appellant can demonstrate both error and resulting prejudice); H.G. Hall Constr. Co. v. J.E.P. Enters., 283 S.C. 196, 201, 321 S.E.2d 267, 270 (Ct. App. 1984) (ruling Chapter 11 bankruptcy proceedings act as an automatic stay of commencement or continuation of any court proceeding against debtor).
AFFIRMED.[2]
HEARN, C.J., GOOLSBY, J., and CURETON, A.J., concur

[1] While Wells Fargo gave notice it would supply written testimony pursuant to Section 14-11-110, it appears that provision was not used and testimony was presented in the usual manner before the special referee.  Moreover, it is doubtful this section has any current practical application with the advent of current discovery procedures.
[2] We decide this without oral argument pursuant to Rule 215, SCACR.