THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Bryson Donald,
 Jr., Respondent,
 v.
 Betty Donald, Appellant.
 
 
 

Appeal From Spartanburg County
 Billy A. Tunstall, Jr., Family Court
 Judge
Unpublished Opinion No. 2008-UP-337
Submitted June 1, 2008  Filed July 7,
 2008   
AFFIRMED

 
 
 
 J. Edwin McDonnell, of Spartanburg, for Appellant.
 J. Falkner  Wilkes, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Betty Donald appeals the family courts termination
 of Bryson Donald, Jr.s alimony obligation.  We affirm pursuant to Rule
 220(b)(2), SCACR, and the following authorities:  S.C. Code Ann. § 20-3-150
 (Supp. 2007) (stating alimony will cease upon continued cohabitation, which is
 defined as supported spouse residing with another person in a romantic
 relationship for a period of ninety or more consecutive days); Love v. Love,
 367 S.C. 493, 497-98, 626 S.E.2d 56, 59 (Ct. App. 2006) ([C]ourts will treat
 the relationship between a supported spouse and a third party as tantamount to
 marriage and terminate alimony when the two cohabitate for an extended period
 of time and some degree of economic reliance between them is established.); Vance
 v. Vance, 287 S.C. 615, 618, 340 S.E.2d 554, 555 (Ct. App. 1986) (finding
 living with another, whether it is with a live-in lover, a relative, or a
 platonic housemate, changes ones circumstances and alters his or her required
 financial support). 
Accordingly,
 the family courts order is
AFFIRMED.[1]
HEARN, C.J., and SHORT, J., and KONDUROS, J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.