671 S.E.2d 98

**George B. and Ann M. POCISK, Respondents,**

**v.**

**SEA COAST CONSTRUCTION OF BEAUFORT and Johnny A. Payne, d/b/a Sea Coast Construction, Appellants.**

**and**

**Carolina Shores Constructions Co., Inc., Third–Party Plaintiff,**

**v.**

**Sea Coast Construction of Beaufort and Johnny A. Payne, d/b/a Sea Coast Construction, Third Party Defendants.**

**No. 4460.**

Court of Appeals of South Carolina.

Heard Oct. 7, 2008.

Decided Nov. 20, 2008.

Rehearing Denied Jan. 27, 2009.

Robert T. Lyles, Jr., of Charleston, for Appellants.

Drew A. Laughlin, of Hilton Head Island, and Edwin Russell Jeter, Jr., of Columbia, for Respondents.

HUFF, J.:

Johnny Payne, d/b/a Sea Coast Construction, (Payne) appeals the trial court's order granting relief from judgment pursuant to Rule 60(b), SCRCP, to George B. Pocisk and Ann M. Pocisk. We find the order is not immediately appealable and dismiss the appeal.

## FACTS

The Pocisks brought an action against Payne and others alleging their house had been defectively constructed. Although Payne's insurer, St. Paul Travelers, denied coverage for the claim, it provided Payne with a defense, pursuant to a full reservation of rights. After the other defendants settled with the Pocisks, Payne and the Pocisks entered into a settlement agreement in which Payne confessed judgment in the amount of $250,000 and the Pocisks agreed not to seek satisfaction of the judgment from Payne. Payne assigned to the Pocisks his rights in any claim involving insurance coverage and bad faith issues arising out the St. Paul Travelers insurance policy. A judgment was entered against Payne in the Beaufort County Court of Common Pleas in the amount of $250,000. The judgment does not mention the condition that the Pocisks would not seek satisfaction against Payne.

After the parties entered into the settlement agreement, St. Paul Travelers brought a declaratory judgment action in the United States District Court seeking a declaration that it was not obligated to defend or indemnify Payne for the Pocisks' claim. The district court allowed the Pocisks to intervene. Their attorney also represented Payne in the declaratory

judgment action. Relying on opinions from the Fourth Circuit Court of Appeals,[1] the district court held the settlement agreement was presumptively unreasonable and therefore invalid. *St. Paul Travelers v. Payne,* 444 F.Supp.2d 519, 522 (D.S.C.2006). The court concluded that because the settlement agreement was invalid, St. Paul Travelers was not obligated to indemnify Payne for the $250,000 confession of judgment. *Id.* In its order on the Pocisks and Payne's motion to alter or amend, the court clarified that if the judgment entered on the underlying suit was vacated, it would then have jurisdiction to consider the issue of whether St. Paul Travelers' denial of the claim was appropriate.

The Pocisks then filed a motion in the Beaufort County Court of Common Pleas to vacate the $250,000 consent judgment pursuant to Rule 60(b), SCRCP, and restore the action to the trial roster. The court initially denied the Pocisks the relief requested. The Pocisks filed a motion to alter or amend asserting the court's ruling violated the doctrines of *res judicata* and collateral estoppel. Payne did not file a return to this motion. The trial court granted the motion to alter or amend, finding the district court decision was binding on all parties to this action. It vacated the consent judgment and restored the case to the trial docket. Payne filed a motion to reconsider, which the trial court denied. This appeal followed.

## LAW/ANALYSIS

The Pocisks assert the order granting Rule 60(b) relief is not immediately appealable. We agree.

The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by statute. S.C.Code Ann. § 14–3–330 (1976 & Supp. 2007); *Hagood v. Sommerville,* 362 S.C. 191, 195, 607 S.E.2d 707, 708 (2005). "An order generally must fall into one of several categories set forth in that statute in order to be immediately appealable." *Hagood,* 362 S.C. at 195, 607 S.E.2d at 708. Payne asserts the order is immediately appealable

---

1. *Stonehenge Eng'g Corp. v. Employers Ins. of Wausau,* 201 F.3d 296 (4th Cir.2000) (applying South Carolina law); *Hitt v. Cox,* 737 F.2d 421 (4th Cir.1984) (Virginia case).

under section 14–3–330(2), which provides for the immediate appeal of an interlocutory order

> affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action.

Payne could seek review of the order granting Rule 60(b) relief following final judgment in the case. *See Peterkin v. Brigman*, 319 S.C. 367, 368, 461 S.E.2d 809, 810 (1995) (holding an order refusing to enforce a settlement agreement is not immediately appealable because it does not prevent a judgment from being rendered in the action, and appellant can seek review of the current order in any appeal from final judgment). In addition, the order does not strike out any part of a pleading in the action. Therefore, neither subsections (a) nor (c) apply to this order.

■ Payne asserts the order has the effect of granting a new trial and thus falls under section 14–3–330(2)(b). However, in holding an order granting Rule 60(b) relief to set aside a default judgment is not immediately appealable, this court explained such orders "are neither final orders nor orders granting a new trial, the reasoning being that they are interlocutory in nature and since there has never been a trial in the first instance they cannot be considered orders granting a 'new' trial or 'rehearing.' " *Pioneer Assocs. v. Ticor Title Ins. Co.*, 300 S.C. 346, 348, 387 S.E.2d 711, 712 (Ct.App.1989). The order here, as with the order in *Pioneer Associates*, does not grant a "new" trial because there has not been a trial yet in the case.

In addition, the order granting Rule 60(b) relief does not affect a substantial right. Our supreme court has recognized: "Avoidance of trial is not a 'substantial right' entitling a party to immediate appeal of an interlocutory order." *Shields v. Martin Marietta Corp.*, 303 S.C. 469, 470, 402 S.E.2d 482, 483 (1991) (holding decision on a motion to restore the case to the active docket is not immediately appealable). Similarly, in holding the grant of Rule 60(b) relief was not immediately appealable, the North Carolina Court of Appeals explained:

"The right to avoid one trial on the disputed issues is not normally a substantial right that would allow an interlocutory appeal." *Metcalf v. Palmer,* 46 N.C.App. 622, 265 S.E.2d 484, 485 (1980). In applying their statute similar to our section 14–3–330(b),[2] the North Carolina courts have consistently held an order granting Rule 60(b) relief is not immediately appealable. *See Waters v. Qualified Personnel, Inc.,* 294 N.C. 200, 240 S.E.2d 338 (1978) (holding order setting aside summary judgment for procedural irregularity was not immediately appealable); *Bailey v. Gooding,* 301 N.C. 205, 270 S.E.2d 431 (1980) (holding an order allowing a motion under Rule 60(b) is not immediately appealable because it is interlocutory and does not affect a substantial right); *Anglin Stone v. Curtis,* 146 N.C.App. 608, 553 S.E.2d 244 (2001) (holding order granting Rule 60(b) relief from dismissal due to defects with service of process is not immediately appealable).

We find the order granting the Pocisks' motion for relief from judgment neither affects a substantial right nor grants a new trial. As the order does not meet the requirements of section 14–3–330(2) and does not fall within any of the other categories set forth in section 14–3–330, the order is not immediately appealable.[3]

**DISMISSED.**

HEARN, C.J., and GEATHERS, J., concur.

---

**2.** The North Carolina statute allows for immediate appeal from an interlocutory order that:

    (1) Affects a substantial right, or

    (2) In effect determines the action and prevents a judgment from which appeal might be taken, or

    (3) Discontinues the action, or

    (4) Grants or refuses a new trial....

N.C. Gen.Stat. Ann. § 7A–27 (Lexis–Nexis 2005).

**3.** Although appellate courts have considered appeals from the granting of Rule 60(b) relief, the issue of appealability was not addressed. *See e.g. Johnson v. Johnson,* 310 S.C. 44, 425 S.E.2d 46 (Ct.App.1992); *Mitchell Supply Co., Inc. v. Gaffney,* 297 S.C. 160, 375 S.E.2d 321 (Ct.App.1988). "The fact that an appellate court may have decided an appeal of a particular type of order on the merits is not dispositive of whether the order is appealable when the issue of appealability was not raised." *Breland v. Love Chevrolet Olds, Inc.,* 339 S.C. 89, 95, 529 S.E.2d 11, 14 (2000).