THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Phillip H.
 Tanner, Appellant.
 
 
 
 
 

Appeal From Florence County
John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2010-UP-267
 Submitted April 1, 2010  Filed May 4,
2010    

AFFIRMED

 
 
 
 Phillip H. Tanner, of Pennsylvania, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Julie M. Thames, all of Columbia;
 and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  In
 January 2004, Phillip H. Tanner was convicted in absentia of:  (1)
 driving under the influence, first offense; (2) driving under suspension; and
 (3) open container.  Tanner appeals, arguing:  (1) he did not receive adequate
 notice of his trial date; (2) the circuit court erred by considering
 information not included in the magistrate's criminal return to determine
 Tanner's motion for reconsideration was untimely; and (3) the magistrate court
 lacked subject matter jurisdiction to hear the driving under the influence
 charge after it was remanded from circuit court.  We affirm[1] pursuant to Rule 220(b), SCACR, and the
 following authorities:  
1. Whether
 Tanner received adequate notice of his trial date:  State v. Langston, 275 S.C. 439, 441, 272
 S.E.2d 436, 437 (1980) (holding there is a presumption in criminal cases that
 "the mailing of a properly stamped and addressed letter which is not
 returned by the postal authorities gives rise to a rebuttable presumption that
 the letter was received by the addressee in the due course of mail").
2. Whether the
 circuit court erred in considering information not included in the magistrate
 court's return:  Rule 59(e), SCRCP ("A
 motion to alter or amend the judgment shall be served not later than 10 days
 after receipt of written notice of the entry of the order.").  
3. Whether the
 magistrate court lacked subject matter jurisdiction: S.C. Code Ann. § 56-7-10 (Supp. 2009) (providing in
 part "[t]he service of the uniform traffic ticket shall vest all . . .
 magistrates' courts with jurisdiction to hear and dispose of the charge for
 which the ticket was issued and served."); City of Camden v. Brassell,
 326 S.C. 556, 566, 486 S.E.2d 492, 497 (Ct. App. 1997) (holding driving under
 the influence, first offense, under section 56-5-2930 is a traffic violation
 pursuant to section 20-7-10, and subject matter is vested concurrently in the
 municipal courts, magistrate courts, and family courts).
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.