**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angelee Medve, Respondent,

v.

Michael's Wholesale Flooring, Appellant.

Appellate Case No. 2024-000245

———

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-119
Submitted March 1, 2025 – Filed April 2, 2025

———

**APPEAL DISMISSED**

———

Robert Karl Merting, of Greenville, for Appellant.

Kimila Lynn Wooten, of Kenison Dudley & Crawford, LLC, of Greenville, for Respondent.

———

**PER CURIAM:** Michael's Wholesale Flooring (MWF) appeals the circuit court's order remanding an action Angelee Medve filed against MWF to the magistrate's court. On appeal, MWF argues the circuit court erred in (1) applying an improper standard of review, (2) allowing Medve to substitute a motion pursuant to Rule 60(b) of the South Carolina Rules of Civil Procedure for an appeal, (3) finding the magistrate's court abused its discretion in denying Medve's motion for a

continuance, and (4) finding the magistrate's court abused its discretion in denying Medve's Rule 60(b) motion. We dismissal the appeal pursuant to Rule 220(b), SCACR.

We hold the order granting Medve's appeal and remanding to the magistrate's court is not immediately appealable. Therefore, we dismiss the appeal. *See* Rule 201(a), SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order or decision."); *Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final."); S.C. Code Ann. § 14-3-330(2)(b) (2017) (specifying orders that "grant . . . a new trial" are among immediately appealable orders); *Pocisk v. Sea Coast Const. of Beaufort*, 380 S.C. 584, 587-88, 671 S.E.2d 98, 100-01 (Ct. App. 2008) (finding an interlocutory order granting Rule 60(b) relief was not eligible for immediate appeal under section 14-3-330(2)(b) because the order did not grant a "new trial" when no trial preceded entry of judgment).

**APPEAL DISMISSED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.